■ In the Matter of ROBERT CROSS, Petitioner, v. CLYDE W. PEARSALL, as Superintendent of Highways of the Town of Islip, Respondent.— Determination of respondent Superintendent of Highways of the Town of Islip which demoted petitioner from the position of foreman to that of automotive equipment operator annulled, with $25 costs and disbursements to petitioner, and matter remitted to respondent for a new hearing on the charges preferred against petitioner and for a determination *de novo*. Petitioner was demoted from his position as a foreman after a hearing on charges of misconduct. The hearing minutes contain substantial evidence to support the determination of the Superintendent. Although the Deputy Superintendent of Highways who acted as the hearing officer possessed vital information concerning the charges, he refused to disqualify himself or to give testimony. Petitioner was entitled to a hearing that was more than a formality, one which was fair in all respects, to the exclusion of knowledge possessed by the trier of the facts (*People ex rel. Packwood* v. *Riley*, 232 N. Y. 283, 287; *Matter of Eigo* v. *Wheeler*, 248 App. Div. 53, 57). In our opinion, the failure to grant him such a hearing deprived him of a substantial right and invalidated the entire hearing (cf. *Matter of Julien* v. *Lubin*, 8 A D 2d 704; *Matter of Laurence* v. *Board of Police Commr. of City*

*of Corning,* 4 A D 2d 826; *Matter of Rox* v. *Doherty,* 260 App. Div. 260; *People* v. *Dohring,* 59 N. Y. 374; Civil Service Law, § 75, subd. 2). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.