■ In the Matter of ROSE McDONALD, Petitioner, v. DEPARTMENT OF MENTAL HYGIENE OF THE STATE OF NEW YORK et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of respondent Barahal dismissing petitioner as an employee of the Pilgrim State Hospital. Determination annulled, on the law, with costs, and matter remitted to respondent the Department of Mental Hygiene for a new hearing on the charges preferred against petitioner and for a determination *de novo*, in accordance with the views herein set forth. Although we are of the opinion that the record does not reflect

such bias or prejudice on the part of the hearing officer as to render the hearing vulnerable in that respect, we nevertheless note that (a) he had personal knowledge of and participated in discussions with petitioner and others with respect to at least two of the incidents which precipitated the charges; (b) he was requested to and did testify with respect thereto as a witness at the hearing in which he functioned as trier of the facts; (c) counsel for petitioner at the outset apprised the hearing officer of the possibility that he would be called upon to testify as a witness; (d) he was requested at the outset to disqualify himself and designate someone else to act in his place and stead; (e) this position was consistently maintained throughout the proceedings by counsel for petitioner; and (f) other designees were available to function in the capacity of hearing officer which, in our opinion, was the kind of quasi-judicial capacity, in a proceeding not bound by formal rules of evidence, in which they could have adequately functioned despite the lack of experience attributed to them by the hearing officer. Under the circumstances, we conclude that petitioner was not afforded the kind of hearing to which she is entitled in the interests of justice, to wit: a hearing that is more than a formality, that is fair in all respects, to the exclusion of knowledge possessed by the trier of the facts, and at which the trier of the facts is not required to and does not testify as a witness (*Matter of Waters* v. *McGinnis*, 29 A D 2d 969; *Matter of Cross* v. *Pearsall*, 29 A D 2d 553). Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.