■ In the Matter of CARLISLE SIMPSON, Appellant, v. OLEH M. WOLANSKY, as Director of Letchworth Village, Respondent.— In a proceeding pursuant to article 78 of the CPLR to annul respondent's determination, dated January 19, 1973, terminating petitioner's employment, the appeal is from a judgment of

the Supreme Court, Rockland County, entered October 10, 1973, which confirmed the determination and dismissed the petition. Judgment reversed, on the law, without costs, and matter remanded to respondent for a new determination not inconsistent herewith. Petitioner, a ward aide at Letchworth Village, was charged with having engaged in sexual intercourse with a female resident-patient on two occasions. Respondent referred the matter to a hearing officer to conduct a hearing. Following the hearing (the testimony at which is set out more fully in the dissenting memorandum) the hearing officer found petitioner innocent of the charge and recommended his reinstatement, with back pay. Respondent rejected the recommendation and, after (as respondent characterizes it) having "carefully reviewed the entire transcript", found petitioner guilty as charged and imposed the penalty of termination of services, effective October 3, 1972. In this article 78 proceeding petitioner alleges, *inter alia*, that respondent based his determination upon aspects outside the entire record and thereby denied petitioner his right to a fair hearing and a determination based thereon. Special Term dismissed the petition, finding petitioner's contentions meritless. We disagree with Special Term and find that by respondent's own admission he was motivated in his determination by facts outside the record. The admission is in the form of an affidavit by Dr. Wolansky, submitted to Special Term, in which he affirmed that "as Director it is [his] duty to consider every aspect of such a case even if it does not appear in a hearing transcript" and that he has been supported in his attempt "to eliminate resident abuse". The rule has been firmly established that a determination in an administrative proceeding must be based solely upon the record composed of the hearing evidence. Anything short of this deprives the person in question of a fair hearing, one that is meaningful and not simply a sham to support the administrator's own predetermination (see *People ex rel. Van Time* v. *Purdy,* 221 N. Y. 396; *People ex rel. Long* v. *Whitney,* 143 App. Div. 17). Accordingly, since we find that respondent has acknowledged his reliance on matters not appearing in the record in making his determination, we remand the entire proceeding to respondent for a new determination based solely upon matters in the record. Latham, Shapiro, Benjamin and Munder, JJ., concur; Martuscello, Acting P. J., dissents and votes to reverse the judgment, grant the petition, direct reinstatement of petitioner, with back pay, and adopt the findings of the hearing officer exculpating petitioner from all charges. I do not perceive any valid reason for remanding this matter to respondent for a new determination. It is clear, in my opinion, that, based upon the entire record, there is no substantial evidence to support respondent's determination that petitioner was guilty of the charge. Petitioner was employed as a ward aide at Letchworth Village. He was charged with misconduct in allegedly having engaged in sexual intercourse with a resident-patient of the institution. Pursuant to procedure, a hearing was held before respondent's designee, Barbara Barish, the personnel officer of Manhattan State Hospital. The testimony of the patient, who was declared competent to testify by a qualified psychiatrist who had known her for quite some time, was confused and inconsistent. The confusion is evident from the outset of her testimony. Although she accused petitioner of having had sexual intercourse with her on two occasions, the patient did not know what sexual intercourse means. She stated initially that she had met with petitioner only once, but the occasions soon increased to twice and then to three times (in his room — in the laundry room — and in the kitchen of the institution). The patient could not remember when these incidents took place except that it was "hot, summer". Although she stated that she had never had sexual relations with anyone but petitioner, she admitted she had been in a motel room with a

man during one of her weekends away from the institution. She also testified that she had seen her boyfriend quite frequently during the summer when the sexual acts with petitioner allegedly occurred. Petitioner testified and categorically denied having had any sexual relations with the patient. He denied ever having offered or proposed sexual relations with her. He explained his casual acquaintance with the patient as a result of his periodic visits to his sister, who was employed at the institution as a licensed practical nurse. Petitioner's reputation for truth and morality in the institution was characterized as "excellent" by a motor equipment repair foreman, who testified that he had supervised petitioner for three years at the institution. This witness testified further that he had never seen petitioner in the company of the patient and that he never had seen petitioner socialize with any of the residents of the institution. Following the hearing, the hearing officer reported to respondent that the issue is one of credibility since "there is no conclusive evidence that [petitioner] had sexual intercourse with [the patient]". Accordingly, Mrs. Barish found petitioner innocent of the charge and recommended his reinstatement, with back pay. Respondent, however, having neither seen nor heard the witnesses, disregarded the finding of his hearing officer and found petitioner guilty of the charges and ordered that he be dismissed from his position. It has been held that where the material facts depend upon a determination of credibility of witnesses as shown by their demeanor and conduct at the hearing, the report of the person who saw and heard the witnesses must be given great weight (*Matter of Kelly* v. *Murphy,* 20 N Y 2d 205). In my opinion, respondent neither considered the recommendations of the hearing officer nor supported his own determination of petitioner's guilt with substantial evidence on the record. In fact, it appears that respondent's decision was motivated by facts outside the record. In his affidavit in opposition to the petition at Special Term he admitted that it was his "duty to consider every aspect of such a case *even if it does not appear in a hearing transcript*" (emphasis added) and that he has been continuously supported by "our Board of Visitors and parent associations in [his] attempt to eliminate resident abuse". The foregoing reveals that respondent has failed to consider his duty to afford petitioner a fair hearing, the purpose of which is to elicit testimony and other evidence to determine petitioner's guilt or innocence of the charge. The record of the hearing is the only basis upon which that determination may properly be made. Respondent has expressly gone outside that record and, in so doing, denied petitioner the due process to which he is entitled. Respondent's determination must, therefore, be set aside and petitioner reinstated to his position, with back pay. One further matter bears mentioning, that is, the decision of Special Term. The court placed the issue in the context of whether there existed substantial evidence in the record to support respondent's determination. Having framed the issue in this manner, the court should not have reviewed the determination. Instead, pursuant to CPLR 7804 (subd. [g]), the proceeding should have been transferred to the Appellate Division.