■ In the Matter of CARLISLE SIMPSON, Petitioner, v DIRECTOR OF LETCHWORTH VILLAGE, Respondent.—Proceeding pursuant to CPLR article

78 to review respondent's determination, dated August 6, 1974 and made after a hearing, which dismissed petitioner from his position as a ward aide at the Letchworth Village Developmental Center. Petition granted and determination annulled, on the law, with costs, and it is directed that petitioner be reinstated to his position retroactive to October 3, 1972, with back pay, less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received during such period. Petitioner, Carlisle Simpson, a ward aide at the Letchworth Village Developmental Center, was accused of having engaged in sexual intercourse with one Barbara Strassberg, a resident-patient at the said institution for the mentally retarded. Pursuant to former section 34 of the Mental Hygiene Law, the matter was referred to a hearing officer, who conducted a hearing on November 21, 1972. The hearing officer made specific findings of fact and concluded that, as the issue was one of credibility, and in view of the inconclusive nature of the evidence, petitioner was innocent of the charges, and recommended his reinstatement with back pay. However, on January 19, 1973, the respondent director advised petitioner that, contrary to the determination of the hearing officer, and upon his own review of the entire transcript, he found him guilty as charged, and imposed the penalty of termination of services, effective October 3, 1972. Thereafter petitioner commenced an article 78 proceeding to review that determination, alleging that it was not supported by substantial evidence and was arbitrary and capricious. Special Term confirmed the determination and dismissed the proceeding, holding that it was satisfied that the finding of guilt was clearly supported by substantial evidence. On appeal to our court, the judgment of Special Term was reversed and the matter remanded to respondent for a new determination based solely upon matters in the record. We found that the respondent had been motivated in his decision by facts dehors the record, which consequently deprived the petitioner of a fair hearing (Matter of Simpson v Wolansky, 45 AD2d 876, affd 38 NY2d 391). The sole question before us is whether the second determination by the respondent was supported by substantial evidence based only upon the facts, evidence and testimony as presented at the administrative hearing conducted on November 21, 1972. We hold that the record fails to demonstrate that it was. Gulotta, P. J., Margett, Rabin, Hawkins and Mollen, JJ., concur.