■ In the Matter of THADDEUS HORTON, Petitioner, v ALEX P. AMES, as Commissioner of the Department of Buildings and Grounds of the County of Suffolk, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the respondent Commissioner of Department of Buildings and Grounds of Suffolk County, dated April 7, 1978, as sustained certain charges against the petitioner and dismissed him from service effective July 11, 1977. Petition granted to the extent that the determination is annulled insofar as reviewed, on the law, with costs, Charges Nos. 2 and 3 are dismissed and the matter is remitted to the Suffolk County Department of Buildings and Grounds for a *de novo* determination by a deputy commissioner, based upon the original hearing records, solely as to the remaining specifications under Charge No. 1. The petitioner is an architectural draftsman for the Department of Buildings and Grounds who was appointed under the Civil Service Law. He was served with charges pursuant to section 75 of the Civil Service Law on May 2, 1977. Charge No. 1 alleged that the petitioner was incompetent in that he failed to conform with accepted standards of work for his position. This charge was supported by five specifications. Charge No. 2 alleged that the petitioner had exhausted all his allowable leave, "resulting in [his] being placed on leave without pay", which was in violation of the policies and rules of the department. Charge No. 3 alleged that the petitioner was disruptive in the office and that his conduct was detrimental by reason of an implied threat which he made to a co-worker. A hearing on the charges was held, as a result of which the hearing officer recommended that all of the charges should be dismissed. The respondent Commissioner of the Department of Buildings and Grounds rejected the recommendation and found the petitioner guilty of all of the charges, except as to a portion of Charge No. 3, and dismissed the petitioner from service. The petitioner instituted a proceeding pursuant to CPLR article 78 to review the determination. Special Term, citing *Matter of Simpson v Wolansky* (45 AD2d 876, affd 38 NY2d 391; see later disposition *Matter of Simpson v Director of Letchworth Vil.,* 56 AD2d 631), remanded the matter to the commissioner after finding that his determination was based to some degree on facts dehors the record. Upon the remand, the commissioner, on April 7, 1978, again found the petitioner guilty of all three charges, except as to certain specifications under Charges Nos. 1 and 3, and again imposed the punishment of dismissal. It is this determination to which this proceeding pursuant to CPLR

article 78 is directed. We have reviewed the record and find that Charges Nos. 2 and 3 are not supported by substantial evidence. Charge No. 2 alleges that the petitioner violated the rules and policies of the department by taking leave time. No evidence appears in the record as to the tenor and content of the alleged rules and policies of the department, nor is there any showing that the petitioner was made aware of their existence. In the absence of such proof there is no substantial evidence to support the finding of guilt as to this charge. Charge No. 3 alleges that the petitioner in effect threatened a co-worker who had given an adverse report with respect to petitioner's competence. However, the co-worker's testimony does not establish that a physical threat was made by the petitioner either direct or implied. At most, the testimony establishes that the petitioner believed that the co-worker might himself be the next to receive an unfavorable evaulation. Hence, the finding of guilt as to this charge was not supported by substantial evidence. Beyond this, the record manifests several undisputed incidents which gravely impaired the commissioner's ability to have considered, without bias or prejudgment, the evidence at the hearing on the charges. First, it must be observed that the hearing officer, after listening to the witnesses and appraising their demeanor and testimony, recommended that all charges should be dismissed. The hearing officer's report is entitled to weight in the commissioner's consideration of the evidence (see *Matter of Kelly v Murphy,* 20 NY2d 205, 210). The record does not indicate that the commissioner paid any heed to the hearing officer's report, and affirmatively the record establishes that the commissioner, in a letter sent to the hearing officer after the report was received, excoriated him for having made a "naive statement", for his "complete misunderstanding", of an elemental fact and for his "gratuitous instruction" to the department. The commissioner's letter ends by stating in apparent sarcasm that the County of Suffolk and the Department of Buildings and Grounds "certainly owes you a debt of gratitude" for the report. Second, the record shows that before the commissioner issued his first determination he had invited the petitioner to discuss the case with him and that the petitioner in turn requested that his attorney be present at the discussion. The commissioner then withdrew the invitation and shortly afterwards made the determination dismissing the petitioner. The commissioner stated in an affidavit that his invitation stemmed from a desire to give the petitioner one more opportunity to discuss the hearing and the action to be taken, and that he discharged the petitioner because of his refusal to attend the meeting without his attorney. The petitioner's request to have his attorney present was not unreasonable, and the commissioner's statements demonstrate pique in making his determination rather than a balanced and impartial determination. A hearing of charges under section 75 of the Civil Service Law and a determination of such charges must be fair and free of bias under the dictates of due process *(People ex rel. Packwood v Riley,* 232 NY 283; *Matter of Greenebaum v Bingham,* 201 NY 343, 347). Where unfairness in either the hearing or the determination is evident, the determination must be set aside *(Matter of Cross v Pearsall,* 29 AD2d 553; *Matter of Waters v McGinnis,* 29 AD2d 969; *Matter of McDonald v Department of Mental Hygiene of State of N. Y.,* 34 AD2d 997; *Matter of Brzezinski v Wiater,* 46 AD2d 995; *Matter of Aiello v Tempera,* 65 AD2d 791). Under the circumstances, the determination must be annulled insofar as reviewed and a new determination made by an appropriate officer (County Law, § 401, subd 2) limited to those specifications of Charge No. 1 still remaining. Mollen, P. J., Hopkins, Margett and O'Connor, JJ., concur.