▪ In the Matter of THADDEUS HORTON, Petitioner, v R. M. KAMMERER, as Commissioner of the Department of Public Works, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Commissioner of the Department of Public Works of Suffolk County, dated November 25, 1980, as after a hearing, sustained certain charges against the petitioner and dismissed him from his position. Proceeding held in abeyance and matter remitted to the respondent commissioner to make written findings setting forth the essential facts and evidence upon which he relied in reaching his determination. The commissioner shall file his report with all convenient speed. The respondent commissioner summarily reversed the findings and recommendation of the hearing officer, which were entitled to considerable weight, without making new findings. The absence of such findings is particularly egregious in light of the fact that both Special Term and this court *(Matter of Horton v Ames,* 75 AD2d 853) had previously found the determination of petitioner's guilt by the Commissioner of the Department of Buildings and Grounds of Suffolk County to be tainted by elements of bias and matters dehors the record, and had twice remitted the matter for a *de novo*

determination. Due process considerations mandate that findings of fact be made in a manner such that the parties are assured that the decision is based on evidence in the record, uninfluenced by extralegal considerations, and so that an intelligent challenge by a party aggrieved and adequate judicial review are possible (see *Matter of Simpson v Wolansky*, 38 NY2d 391; *Sinicropi v Milone*, 80 AD2d 609; *Matter of Klein v Department of Mental Hygiene of State of N.Y.*, 15 AD2d 562). Lazer, J.P., Mangano, Gibbons and Margett, JJ., concur.