■ In the Matter of THADDEUS HORTON, Petitioner, v R.M. KAMMERER, as Commissioner of the Department of Public Works, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Commissioner of the Department of Public Works of Suffolk County, dated November 25, 1980, as, after a hearing, sustained certain charges against the petitioner and dismissed him from his position as an architectural draftsman. By order of this court dated June 29, 1981 (Matter of Horton v Kammerer, 82 AD2d 921), the proceeding was held in abeyance and the matter remitted to the respondent commissioner to make written findings setting forth the essential facts and evidence upon which he relied in reaching his determination. The commissioner has complied with our directions. Petition granted to the extent that the determination is modified, on the law, by adding thereto a provision that respondents are directed to pay petitioner his salary for the period beginning 30 days after the commencement of his suspension, and continuing until the date of his dismissal, less the amount of compensation which petitioner may have earned in any other employment or occupation and any unemployment benefits he may have received during such period. As so modified, determination confirmed insofar as reviewed, and proceeding otherwise dismissed on the merits, without costs or disbursements. The commissioner's findings demonstrate that his determination was based on substantial evidence. Subdivision 3 of section 75 of the Civil Service Law provides, however, that a civil servant may not be suspended without pay for a period in excess of 30 days pending the hearing and determination of charges against him. Even if the employee is found guilty and later dismissed, he is

entitled to receive his full salary for any period of suspension in excess of 30 days, less the sums he has earned from other employment and any unemployment benefits he has received during the period in question (see, e.g., *Cassidy v Police Dept., County of Nassau,* 54 AD2d 682; *Matter of Yeampierre v Gutman,* 52 AD2d 608; *Matter of Lytel v Christian,* 47 AD2d 824; *Matter of Maurer v Cappelli,* 42 AD2d 758). Since there is no evidence that the petitioner caused the delay or contributed thereto, his recovery may not be dismissed on that ground (see *Cassidy v Police Dept., County of Nassau, supra;* cf. *Matter of Brockman v Dordelman,* 48 AD2d 670; *Matter of Amkraut v Hults,* 21 AD2d 260, 263, affd 15 NY2d 627). We conclude, then, that petitioner must be paid his salary for the period beginning 30 days after the commencement of his suspension and continuing until the date of his dismissal, less the sums we have referred to. The additional contentions raised by the petitioner have been considered and have been found to be without merit. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.