■ In the Matter of SHIRLEY GRADY, Individually and on Behalf of Her Minor Child, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the State Commissioner of Social Services, dated March 6, 1980 and made after a statutory fair hearing, which affirmed a determination of the local agency to issue petitioner a prorated basic needs allowance in the category of aid to dependent children. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and respondents are directed to grant petitioner a basic needs allowance for a family of two, retroactive to April 24, 1979. Petitioner resides in a dwelling with another adult recipient of public assistance. On the record before us there was not substantial evidence to support a finding that petitioner shared items of need covered by the basic needs allowance with the other adult recipient. Petitioner testified that she paid for her clothing, transportation and laundry separately. She and the other adult recipient shopped for food separately, each buying for herself and her own child. Petitioner did testify that if what they had bought was not enough, they would share whatever they had. This is insufficient to establish that there was an actual sharing of items of need, and as such, the agency failed to justify its application of 18 NYCRR 352.32 (e) (1). Mollen, P. J., Lazer, O'Connor and Bracken, JJ., concur.

■ In the Matter of the Estate of CARMINE A. MARTORANO, Deceased. ANTHONY R. MARTORANO, Respondent; ANNA E. MARTORANO, Appellant. — In proceedings to probate a will and to determine the validity of a notice of election by Anna Emma Martorano, the appeal, as limited by Ms. Martorano's brief, is from stated portions of an order of the Surrogate's Court, Queens County (Laurino, S.), dated August 13, 1981, which, *inter alia,* (1) denied the branch of appellant's motion which requested that her default in the probate proceeding be vacated, but granted leave to renew within 30 days; (2) refused to grant summary judgment declaring an antenuptial agreement invalid as a matter of law; and (3) denied her request to, *inter alia,* preclude one Joseph Cuccia from testifying at the trial in the right of election proceeding. Order affirmed insofar as appealed from, with costs payable personally by the appellant. The Surrogate properly determined that there are triable issues of fact as to the validity of the antenuptial agreement. The papers are insufficient for a determination, as a matter of law, that the appellant was a victim of fraud, overreaching, or any other untoward influence. (See *Matter of Sunshine,* 51 AD2d 326, affd 40 NY2d 875; *Matter of Davis,* 20 NY2d 70; *Matter of Liberman,* 4 AD2d 512, affd 5 NY2d 719; *Matter of Phillips,* 293 NY 483.) Further, the Surrogate properly exercised his discretion in denying appellant's request to vacate her default in the probate proceeding, with leave to renew. By so doing, the appellant was not prejudiced and her rights were preserved. Finally, the branch of the appellant's motion seeking preclusion of any testimony by Joseph Cuccia or the introduction of any evidence which contains his name was properly denied since it was not demonstrated that his failure to appear for an examination before trial was the result of any willful default. Rather, it appears that by virtue of a pretrial stipulation entered into before the Surrogate, the order of priority for pretrial examination was established, and that appellant was to appear prior to Mr. Cuccia. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.