■ In the Matter of KIRK BAKER, Petitioner, v TOWN OF MT. PLEASANT et al., Respondents. — Proceeding pursuant to CPLR article 78 to review so much of a determination of the Town Board of the Town of Mount Pleasant, dated June 17, 1981, as, after a hearing, sustained certain charges of incompetency and misconduct against petitioner and dismissed him from his employment with the Highway Department of the Town of Mount Pleasant, effective May 27, 1981. Proceeding held in abeyance and matter remitted to the respondent town board to make written findings setting forth the essential facts and evidence upon which it relied on reaching its determination. The board is directed to file its report with all convenient speed. The board summarily dismissed petitioner from the service of the Highway Department of the Town of Mount Pleasant without making any factual findings beyond the categorical recitation that certain of the charges and specifications filed were proven. The absence of such findings is egregious in light of the gravity of the penalty imposed (see *Matter of Horton v Kammerer,* 82 AD2d 921). Findings of fact are essential here so as to permit adequate and intelligent judicial review (see *Matter of Simpson v Wolansky,* 38 NY2d 391). Mollen, P. J., Lazer, Thompson and Gulotta, JJ., concur.

■ In the Matter of GENEVA BETHEA, Petitioner, v ARTHUR WEBB, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated October 28, 1980 and made after a statutory fair hearing, which affirmed a determination of the local agency to deny petitioner home relief because her income exceeded her budgetary needs. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to grant petitioner a basic needs allowance for a household of one, retroactive to June 11, 1980. The agency failed to justify its application of 18 NYCRR 352.32 to petitioner (see *Matter of Grady v D'Elia,* 87 AD2d 592). Mollen, P. J., Lazer, Thompson and Gulotta, JJ., concur.