■ In the Matter of LORNA MC., Appellant, v GEORGE MC., Respondent. — In consolidated proceedings (1) by the mother for an order of filiation and support and (2) by the putative father for an order granting visitation rights, the mother appeals from (a) an order of the Family Court, Queens County (Gartenstein, J.), dated January 13, 1982, which, *inter alia,* awarded the mother the sum of $20 every other week for the support of her child and (b) an order of the same court also dated January 13, 1982, which granted the putative father visitation "every other week for the entire week". Order of filiation and support dated January 13, 1982, modified, by striking therefrom the second decretal paragraph awarding child support. As so modified, order affirmed, without costs or disbursements. Order of visitation dated January 13, 1982, reversed, without costs or disbursements, and matter remanded to the Family Court, Queens County, for further proceedings in accordance herewith. The order of the Family Court regarding visitation by the putative father, which was tantamount to an award of joint custody, was made after a very brief hearing and without any meaningful inquiry as to whether the best interests of the child would be served thereby. Accordingly, the matter must be remanded to the Family Court for a reconsideration of the issue of visitation in light of the best interests of the child. Since the award of support was based on the custody award, it too should be reconsidered upon remand to the Family Court. Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.

■ In the Matter of JEAN MCCASKILL, Petitioner, v JOSEPH A. D'ELIA et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Nassau County Department of Social Services, dated September 23, 1981, which, after a hearing, found petitioner guilty of certain charges and suspended her for 30 days without pay. Proceeding held in abeyance and matter remitted to the respondent commissioner to make written findings setting forth the essential facts and evidence upon which he relied in reaching his determination. The commissioner shall file his report with all convenient speed. Without making new findings, the respondent commissioner summarily reversed the findings and recommendation of the hearing officer, which were entitled to great weight. Due process considerations mandate that findings of fact be made in a manner such that the parties are assured that the decision is based on evidence in the record, uninfluenced by extralegal considerations, and so that an intelligent challenge by a party aggrieved and adequate judicial review are possible (see *Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Horton v Kammerer,* 82 AD2d 921; *Sinicropi v Milone,* 80 AD2d 609; *Matter of Klein v Department of Mental Hygiene of State of N. Y.,* 15 AD2d 562). Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.