■ In the Matter of the Arbitration between CITY OF ALBANY et al., Respondents, and PAUL MEEHAN et al., Appellants. — Appeal from an order and judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered June 24, 1983 in Albany County, which granted petitioners' application pursuant to CPLR 7511 to vacate an arbitration award. ¶ On January 15, 1982, respondent Paul Meehan was suspended without pay from his position as a police officer for petitioner City of Albany for alleged criminal misconduct committed while on duty. On January 21, 1982, official disciplinary charges were brought and, on January 29, 1982, petitioner Police Chief of the City of Albany demanded immediate arbitration to determine whether just cause existed to terminate Meehan's employment. On February 10, 1982, respondent Albany Police Officers Union, Local 2841, American Federation of State, County and Municipal Employees, AFL-CIO (the union), the duly certified bargaining agent for Meehan, demanded arbitration. A hearing date of March 19, 1982 was offered, but the union rejected this date, as well as two dates in April, due to prior commitments, a reason stipulated to by both parties at the eventual arbitration. A fourth date, May 17, 1982, was eventually accepted by the union. ¶ Meanwhile, on April 22, 1982, Meehan pleaded guilty to burglary in the second degree and, on May 6, 1982, was sentenced to an indeterminate term of incarceration. Meehan resigned on May 6, 1982, but the arbitration hearing remained scheduled to settle a grievance Meehan had filed which alleged that the continuation of his unpaid suspension beyond 30 days (February 15, 1982) violated his union's contract with the city and which sought back pay and damages. The pertinent provision of the contract was section 4.1.5, which provided: "Suspensions without pay may not exceed thirty (30) calendar days. An employee shall not be entitled to pay, however, during any period in which the Union or the employee is not *ready to proceed*" (emphasis added). (See, also, Civil Service Law, § 75, subd 3.) The arbitrator ruled in favor of the union, concluding that there was no evidence that the union attempted to

delay the arbitration hearing and that an employee should not be penalized because of his union's inability to attend "an arbitrator's chance suggestion of a hearing date". The award granted Meehan unpaid wages and benefits from February 14, 1982 through May 6, 1982, minus any other earnings or income maintenance payments received during the subject period. ¶ Thereafter, the city moved pursuant to CPLR article 75 to vacate the award. Meehan and the union were served with papers as parties, an action the union contends was improper because only the union was a party to the arbitration. The union further argues that an affidavit executed by Meehan purporting to waive his claims to back pay was the result of highly improper personal contacts between the city and Meehan. These charges, which were brought as an improper labor practice and originally dismissed, have been remitted by the Public Employment Relations Board for further administrative consideration on the ground that "an employer's direct approach to a former employee and subsequent dealings with him in connection with his rights under an arbitrator's award could constitute [an improper labor practice]" (16 PERB, par 3101, pp 3168, 3169). ¶ Special Term granted the application and vacated the award, concluding that the contractual phrase " 'ready to proceed' " meant " 'available to proceed' " and that the union, in refusing three offered hearing dates, was not available to proceed, thereby allowing Meehan's suspension without pay to continue beyond 30 days. Special Term also concluded that the union had no standing in the proceeding inasmuch as Meehan's purported waiver rendered the contractual dispute moot. This appeal followed. ¶ Initially, we reject petitioners' claim that the matter is now moot because Meehan has purportedly executed a waiver. Meehan could vacate the arbitration award for only enumerated statutory grounds, which do not include waiver (see CPLR 7511, subd [b]). Thus, Meehan could not vacate the award on this ground and it would be inappropriate to permit a different party to use Meehan's purported waiver in such a manner, particularly when the legitimacy of the waiver is at issue in another forum. ¶ We next conclude that the arbitrator's interpretation of the clause " 'ready to proceed' " was not completely irrational and, therefore, must be upheld (see, e.g., Matter of Silverman [Benmor Coats], 61 NY2d 299; Matter of Local Div. 1179, Amalgamated Tr. Union [Green Bus Lines], 50 NY2d 1007, 1008-1009; Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383). There was no evidence that respondents sought to delay the hearing. Petitioners' contention that respondents had to be available for any date suggested by the arbitrator goes too far, especially in light of the inevitable scheduling conflicts encountered when an arbitrator suggests but one hearing date at a time. ¶ Finally, the arbitrator's award was not contrary to public policy. It has been consistently held that an employee is entitled to receive his full salary during any period of suspension in excess of the initial 30 days even if the employee is ultimately found guilty and dismissed as long as the employee is not responsible for the delay in proceeding (see, e.g., Matter of Horton v Kammerer, 84 AD2d 841, 841-842; Matter of Yeampierre v Gutman, 52 AD2d 608, 609, mot for lv to app dsmd 40 NY2d 918). Here, as noted above, there is nothing in the record to indicate that the delay was occasioned by Meehan or that the union was not ready to proceed on days before or after the dates submitted by the arbitrator as hearing dates. Accordingly, the arbitrator's award was not contrary to public policy. We note, however, that Special Term was correct in finding that the date Meehan's employment terminated was April 22, 1982, the date he pleaded guilty and forfeited his office (see Public Officers Law, § 30, subd 1, par e; CPL 1.20, subd 13; Matter of Gunning v Codd, 49 NY2d 495), and the award must be modified accordingly. ¶ Order and judgment modified, on the law, by reversing so much thereof as vacated that portion of the arbitration award which found that petitioners violated the

collective bargaining agreement and awarded respondent Paul Meehan unpaid wages and benefits through April 22, 1982; said portions of the arbitration award are confirmed; and, as so modified, affirmed, with costs to appellants. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.