■ In the Matter of JOHN STEVENS, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner, dated January 4, 1982 and made after a statutory fair hearing, which confirmed a determination of the local

agency, prorating, pursuant to 18 NYCRR 352.32 (e) (1), the amount of public assistance grants paid to two separate Aid to Families with Dependent Children (AFDC) recipients residing in petitioner's home. ¶ Petition granted to the extent that the determination insofar as it relates to the AFDC basic needs grants is annulled, on the law, without costs or disbursements, and respondents are directed to restore both grants to the original amount, on a nonprorated basis, retroactively, for the period between August, 1981 and November, 1982, and determination otherwise confirmed and proceeding otherwise dismissed on the merits. ¶ The agency's contention that it could prorate the AFDC grants under 18 NYCRR 352.32 (e) (1) without first determining whether the respective recipients did, in fact, share basic needs, was erroneous and contrary to prior rulings of this court (see *Matter of Grady v D'Elia,* 87 AD2d 592; *Matter of Bethea v Webb,* 92 AD2d 611). The record is completely devoid of any proof that the two public assistance recipients who resided in the same dwelling actually shared basic needs. The papers submitted by petitioner indicated that the two separate AFDC recipients, who were not legally responsible for each other's support, purchased all items of need separately. This was not contradicted or impeached in any manner. Thus, respondent local agency failed to meet its burden of coming forward with any evidence to the contrary. Accordingly, the determination with respect to the basic needs grants was arbitrary, was not supported by substantial evidence, and must be annulled (see *Matter of McBride v Blum,* 70 AD2d 595). Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.

