■ ENGLESON & VAN LIERE, INC., Petitioner, v VILLAGE OF SODUS POINT et al., Respondents.—Determinations unanimously annulled on the law without costs, and matter remitted to respondent Buffalo/Rochester Uniform Code Board of Review for further proceedings, in accordance with the following memorandum: Petitioner is the owner of a gas station in the Village of Sodus Point. To replace his underground gasoline storage tanks, he applied to respondent Folwell, the village building inspector, for a permit to install above-ground tanks. Folwell issued the permit. When construction commenced, Paul and Marie Latone, who lived next to the facility, instituted an action to enjoin installation. When construction was half completed, employees of the Codes Division of the office of the Secretary of State inspected the site. A few days later, the Codes Division informed petitioner and village officials of various deficiencies which allegedly constituted a failure to comply with the State Uniform Fire Prevention and Building Code (Uniform Code; 9 NYCRR parts 600-1282).

In December 1986, after the court had heard testimony for several days on the Latones' application for a preliminary injunction, the application was withdrawn. Three days later, the Codes Division filed a petition with the Buffalo/Rochester Uniform Code Board of Review (Review Board) to appeal the building inspector's determination to issue the building permit. This petition was later amended to include an appeal from the inspector's issuance of a certificate of compliance.

The Review Board gave notice of a hearing to the village, the building inspector and to petitioner herein. The village and the building inspector appeared, but petitioner did not. At the hearing numerous exhibits were entered in the record and several persons made oral presentations but there was no sworn testimony. When the hearing ended, the Review Board briefly recessed, then orally announced its decision that the building permit and certificate of compliance were improperly issued. That decision was later reduced to writing. In this

CPLR article 78 proceeding, petitioner seeks annulment of the Review Board's determination and of subsequent determinations of the Village Board and building inspector which were based solely upon the decision of the Review Board.

We conclude that the Review Board's determination must be annulled. The Review Board failed to make findings regarding the claims of the village and the building inspector that issuance of the permit and certificate of compliance were proper acts of discretion pursuant to section 1-1.5 of the Flammable and Combustible Liquids Code No. 30-1981 of the National Fire Protection Association (NFPA Code). The parties agree that the NFPA Code is the generally accepted standard for installation of gasoline storage tanks (see, 9 NYCRR 1164.3, 1250.4); therefore, finding whether the inspector properly exercised his discretion under NFPA Code § 1-1.5 is essential to the ultimate determination whether the construction complied with either the NFPA Code or the Uniform Code. A determination must be annulled where an administrative agency fails to make a finding essential to its decision (see, Matter of Mohawk Airlines v Tully, 75 AD2d 249).

The only finding which reasonably relates to this issue is not supported by substantial evidence. Finding that underground tanks had previously been installed and apparently inferring that there was thus no problem with the water table, the Review Board did not consider expert opinion evidence that directly addressed that issue. The village had submitted the transcripts of the expert testimony offered at the trial on the preliminary injunction and it is clear that the Review Board did not consider that testimony. Although an agency may reject opinion evidence, a determination based on less than the entire record cannot stand (2 NY Jur 2d, Administrative Law, § 141).

The determination must be annulled for additional reasons. First, the Review Board did not consider the request of the village and its building inspector for a variance from the requirements of the Uniform Code (see, Executive Law § 381 [1] [f]; 19 NYCRR 440.4 [a]). Second, the determination to vacate the certificate of compliance is not supported by substantial evidence. The Codes Division had inspected the facility prior to completion. The only evidence of compliance at the time of completion was presented by the village, and that evidence supports a finding of compliance. Finally, Board member Randazzo failed to disqualify himself. Randazzo's son is married to the Latones' daughter and, since Paul Latone made an oral presentation in opposition to the tanks at the

hearing, there is at least the appearance of impropriety in Randazzo's participation in the decision-making process *(see, Matter of Cafaro v Pedersen,* 123 AD2d 860; *Matter of Cross v Pearsall,* 29 AD2d 553).

We therefore annul the determinations and remit the matter to the Review Board for findings based upon analysis of the entire record. We leave for the Review Board's consideration the questions of whether the hearing should be reopened to permit further evidence and whether the matter should be transferred to another Review Board pursuant to 19 NYCRR 440.3. (Article 78 proceeding transferred by order of Supreme Court, Wayne County, Strobridge, J.) Present—Denman, J. P., Boomer, Balio and Davis, JJ.