■ In the Matter of GREGORY AMATO, Petitioner, v TOWN OF BABYLON et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondents dated December 29, 1983, which, after a hearing, dismissed the petitioner from his position as a housing inspector.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the petitioner is awarded back pay for the period of his suspension in excess of 30 days which is not the result of any delay attributable to him less any compensation he may have earned in any other employment or occupation or any unemployment compensation received by him during that period; the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondents for a determination of the amount of back pay, if any, to which the petitioner is entitled.

There is substantial evidence in the record to support the determination that the petitioner, while employed as a housing inspector, failed to issue two summonses for violations of the Babylon Town Code with respect to outstanding violations at two sites that he purportedly visited. There is also substantial evidence to support a finding that the petitioner, in contravention of standard practices of his agency, issued a

summons to an individual who was not in fact the owner of record of the premises in question. Finally, there is substantial evidence to support the finding that the petitioner, while he was supposed to be engaged in the performance of his duties, used a town car as transportation to court on a personal matter *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

In arriving at the penalty of dismissal, the Commissioner of the Department of Planning and Development of the Town of Babylon appropriately considered petitioner's incompetence and misconduct as evidencing an indifference to his public trust and job responsibilities. We do not find the penalty to be "shocking to one's sense of fairness" *(see, Matter of Turner v Simpson,* 60 NY2d 959, 961; *Matter of Pell v Board of Educ.,* 34 NY2d 222).

Even though petitioner was subsequently dismissed, he is entitled to back pay for the period of his suspension in excess of 30 days which is not the result of any delay attributable to him, less sums he earned from other employment and any unemployment benefits he received during the period in question *(see, Gerber v New York City Tr. Auth.,* 42 NY2d 162; *Matter of Horton v Kammerer,* 84 AD2d 841). We therefore remit the matter to the respondents for a determination of the amount of back pay, if any, the petitioner is entitled to receive.

We have considered the petitioner's other contentions and find them to be without merit. Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.