■ In the Matter of the Estate of JOSEPH L. ORLOWSKI, Deceased. DENNIS DASSATTI, Appellant; SUSAN SHERIDAN et al., Respondents. [721 NYS2d 263] —In a probate proceeding, the petitioner appeals from (1) a decision of the Surrogate's Court, Westchester County (Emmanuelli, S.), dated March 27, 2000, (2) a decision of the same court dated March 31, 2000, (3) an order of the same court, dated April 17, 2000, which granted the motion of Estelle Noble for leave to withdraw her waiver

and consent to the probate of the propounded will and to file objections thereto, and (4) an order of the same court, dated April 21, 2000, which denied the petitioner's motion to reject the late filing of objections and to admit the propounded will to probate.

Ordered that the appeals from the decisions are dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the orders are affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs payable by the estate.

The Surrogate's Court has the discretion to allow the filing of objections beyond the time limitation established in SCPA 1410, as that court's paramount concern is to admit only valid wills to probate (*see,* SCPA 1408; *see also,* Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 1408, at 235, SCPA 1410, at 310-312). Contrary to the petitioner's contention, the Surrogate's Court providently exercised its discretion in allowing the late filing of objections, under the circumstances (*see, Anolick v Travelers Ins. Co.,* 63 AD2d 665; *see also, Matter of Boyce,* 158 AD2d 422).

The Surrogate's Court may grant an application to withdraw a waiver and consent to probate if the movant demonstrates some merit to the objection to probate and a reasonable probability of success (*see, Matter of Frutiger,* 29 NY2d 143). Under the circumstances, the Surrogate's Court properly allowed the objectant Estelle Noble to withdraw her waiver and consent to probate and to file objections (*see, Matter of Sisko,* 270 AD2d 276; *Matter of Hall,* 185 AD2d 322). S. Miller, J. P., Friedmann, H. Miller and Smith, JJ., concur.