■ In the Matter of NORMA ANNE RIZZI, Also Known as NORMA A. RIZZI, Deceased. RICHARD RIZZI, Appellant; VIRGINIA RICO et al., Respondents. [875 NYS2d 264]—

In a probate proceeding, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated November 28, 2007, which denied his motion to strike objections to the probate of the decedent's last will and testament.

Ordered that the order is affirmed, with costs.

The date to examine witnesses pursuant to Surrogate's Court Procedure Act § 1404 and to file objections to the probate of the decedent's will were set in a so-ordered stipulation. The date for the examinations of the witnesses was subsequently adjourned on consent of counsel, but there was no discussion regarding changing the date by which the objections were due to be filed. Counsel for the objectants assumed that the date to file objections also had been extended, while counsel for the petitioner believed the date remained the same. The petitioner moved to have the will probated when the objections were not filed in accordance with the date set in the so-ordered stipulation, and the objectants requested that they nevertheless be allowed to file their objections. After oral argument, the Surrogate's Court accepted the objections for filing. The petitioner moved to strike the objections, and that motion was denied.

The Surrogate's Court properly denied the petitioner's motion to strike the objections. The petitioner failed to demonstrate any prejudice from the court's acceptance of the objections. Furthermore, the Surrogate's Court has the discretion to extend the time for filing objections under Surrogate's Court Procedure Act § 1410 and to accept untimely objections so as not to dismiss potentially valid concerns regarding a propounded will on procedural grounds (*see Matter of Orlowski*, 281 AD2d 422 [2001]; *see also Matter of Martorano*, 87 AD2d 592 [1982]). Under the circumstances, the Surrogate's Court providently exercised its discretion in allowing the filing of the objections. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.