■ In the Matter of MANNY KORNICKI, Also Known as MANES KORNICKI, Deceased. MARIAN G. KORNICKI, Respondent; TERRI KORNICKI, Appellant; MARSHALL KAMINER, Intervenor-Appellant. ANTHONY T. SCOTTO, Nonparty Respondent. [957 NYS2d 126]—

In an order dated February 4, 2008, the Surrogate's Court, in pertinent part, granted that branch of the motion of the petitioner, Marian G. Kornicki, pursuant to CPLR 3126 which was to strike the objections of Terri Kornicki (hereinafter Terri) to the probate of the will of their father, Manny Kornicki, also known as Manes Kornicki, based upon undue influence and fraud. In a decision and order on motion of this Court dated May 26, 2009, Terri's appeal from the order dated February 4, 2008, was dismissed for failure to prosecute. That dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal (*see Deutsche Bank Natl. Trust Co. v Posner*, 89 AD3d 674, 675 [2011]; *Auriemmo v Auriemmo*, 87 AD3d 1090, 1091 [2011]). Terri now appeals from a decree entered, in part, upon the order dated February 4, 2008, contending that her objections which were based upon undue influence and fraud should not have been dismissed pursuant to CPLR 3126.

Generally, we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). Here, Terri has not demonstrated any basis for the exercise of such discretion. Accordingly, we dismiss her appeal.

Contrary to the contention of intervenor Marshall Kaminer,

the Surrogate's Court providently exercised its discretion in denying his motion for permission to file late objections to probate on behalf of his children, Ian Kaminer and Daniel Kaminer, who were disinherited under the subject will, and in granting the motion of Anthony T. Scotto, the guardian ad litem appointed in this proceeding to represent the interests of Kaminer's children, for approval of a stipulation of settlement with the petitioner, settling the potential claims of the guardian ad litem's wards. "The Surrogate's Court has the discretion to allow the filing of objections beyond the time limitation established in SCPA 1410, as that court's paramount concern is to admit only valid wills to probate" (*Matter of Orlowski*, 281 AD2d 422, 423 [2001]; *see Matter of Rizzi*, 60 AD3d 953, 954 [2009]; *see also* SCPA 1408; Margaret Valentine Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 1408, 1410). Under the circumstances of this case, the Surrogate's Court providently exercised its discretion in denying Kaminer's motion for permission to file late objections to probate, and in granting the guardian ad litem's motion to approve the stipulation of settlement entered into by him on behalf of his wards, with the petitioner (*cf. Matter of Rizzi*, 60 AD3d at 954; *Matter of Sills v Fleet Natl. Bank*, 32 AD3d 1157 [2006]; *Matter of Orlowski*, 281 AD2d at 423).

The remaining contentions are without merit. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.

Motion by the petitioner-respondent on appeals from a decree of the Surrogate's Court, Nassau County, dated October 18, 2010, inter alia, to dismiss the appeal taken by the objectant on the ground that it is, in part, barred under *Bray v Cox* (38 NY2d 350 [1976]). By decision and order on motion of this Court dated April 1, 2011, that branch of the petitioner-respondent's motion which was to dismiss the appeal taken by the objectant as barred under *Bray v Cox* (38 NY2d 350 [1976]) was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeal by the objectant is denied as academic in light of our determination of that appeal. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.