■ In the Matter of PALMA A. PASCALE, Deceased. JOSEPH C. ANDRUZZI, Appellant; FRANK R. PASCALE, Respondent. [961 NYS2d 188]—

In a contested probate proceeding, the petitioner, Joseph C. Andruzzi, as executor of the estate of the decedent, Palma A. Pascale, appeals from an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated April 8, 2011, which granted the motion of the objectant, Frank R. Pascale, as executor of the estate of Anne Pascale, pursuant to SCPA 1404 to compel the disclosure of certain documents and pursuant to SCPA 1410 for leave to file and serve certain objections to the probate of the decedent's last will and testament.

Ordered that the order is affirmed, without costs or disbursements.

On August 28, 2009, a few days prior to her death, the decedent Palma A. Pascale made a new will, in which she radi-

cally altered her estate plan. The will, which nominated its drafter, Joseph C. Andruzzi (hereinafter the petitioner), as executor, was offered for probate. Preliminary objections were filed, and examinations of the two attesting witnesses and the petitioner were conducted pursuant to SCPA 1404. It is undisputed that during the petitioner's SCPA 1404 examination, counsel for the objectant requested that the petitioner produce certain documentation, and reserved the right to reexamine the petitioner upon his review of that documentation. It is also undisputed that the petitioner expressly consented to "leave open" his own SCPA 1404 examination. Following a disagreement regarding the production of the requested documents, the objectant moved pursuant to SCPA 1404 to compel the disclosure of the requested documents and pursuant to SCPA 1410 for leave to file and serve his objections to the probate of the decedent's last will and testament. The Surrogate's Court granted the objectant's motion, directing the petitioner to produce the requested documents by a date certain and, upon the objectant's review of those documents, directing that the objectant either schedule the continued examination of the petitioner or file and serve his objections to probate, if any, by a date certain. The petitioner appeals.

SCPA 1410 provides, in relevant part, that "if an examination is requested pursuant to [SCPA] 1404, objections must be filed within 10 days after the completion of such examinations, *or within such other time as is fixed* by stipulation of the parties or *by the court*" (SCPA 1410 [emphasis added]). Here, the SCPA 1404 examination of the petitioner was incomplete and, thus, the time limitation established by SCPA 1410 for the service and filing of objections had not elapsed. In any event, contrary to the petitioner's contentions, the Surrogate's Court providently exercised its discretion in directing him to produce the demanded document discovery and in setting a date for the filing of objections. As the Surrogate noted in his decision, the order setting a schedule for the filing of objections is fully consistent with the "paramount concern . . . to admit only valid wills to probate" (*Matter of Orlowski*, 281 AD2d 422, 423 [2001]; *see* 3-42 Warren's Heaton, Surrogate's Court Practice § 42.02 [2006]).

The petitioner's remaining contentions are without merit.

Accordingly, the Surrogate's Court properly granted the objectant's motion. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.