Matter of Melillo v City of Mount Vernon (2024 NY Slip Op 00074)

Matter of Melillo v City of Mount Vernon

2024 NY Slip Op 00074

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-06934
 (Index No. 54304/21)

[*1]In the Matter of Stacy Ann Melillo, petitioner, 
v
City of Mount Vernon, et al., respondents.

Charny & Wheeler, P.C., Rhinebeck, NY (Russell G. Wheeler of counsel), for petitioner.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent Deborah Reynolds, Comptroller of the City of Mount Vernon, dated December 10, 2020. The determination, made after a hearing pursuant to Civil Service Law § 75, found that the petitioner was guilty of misconduct and insubordination and terminated the petitioner's employment as a senior cashier with the respondent City of Mount Vernon Office of the Comptroller.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as found the petitioner guilty of misconduct and terminated the petitioner's employment is annulled, the petitioner is reinstated to her position as senior cashier with the respondent City of Mount Vernon Office of the Comptroller, with the employment status of suspension without pay, and the matter is remitted to the respondent City of Mount Vernon Office of the Comptroller for a new hearing and a new determination with respect to the charges to be conducted by a duly qualified, impartial decision maker who may be designated.
The petitioner, who was employed by the City of Mount Vernon Office of the Comptroller as a senior cashier, was charged by Deborah Reynolds, the Comptroller of the City of Mount Vernon and the petitioner's supervisor, with misconduct and insubordination. A disciplinary hearing was held pursuant to Civil Service Law § 75. Reynolds conducted the hearing. The petitioner and one other municipal employee testified at the hearing. By determination dated December 10, 2020, Reynolds terminated the petitioner's employment. The petitioner commenced this CPLR article 78 proceeding against the City of Mount Vernon, the City of Mount Vernon Office of the Comptroller, and Reynolds, in her capacity as Comptroller of the City of Mount Vernon (hereinafter collectively the respondents), for a review of the determination. By order dated September 3, 2021, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
As the petitioner correctly contends, in light of Reynolds' extensive personal involvement in the alleged misconduct underlying the charges, along with Reynolds' involvement in bringing charges against the petitioner, Reynolds should have disqualified herself from conducting the hearing and acting on the charges (see Matter of Prioleau v Nicoletti, 54 AD3d 768, 768-769; Matter of Lowy v Carter, 210 AD2d 408, 409; Matter of McDonald v Department of Mental Hygiene of State of N.Y., 34 AD2d 997, 998). Reynolds had personal knowledge of and engaged in communications with the petitioner regarding the incidents that formed the basis of many of the [*2]charges. Reynolds also discussed the charges with the other municipal employee who testified at the hearing, and that employee's testimony was based, in part, on information Reynolds told her.
Since we are remitting for a new hearing and a new determination thereafter, we remind the respondents that at a hearing conducted pursuant to Civil Service Law § 75(2), the "burden of proving incompetency or misconduct shall be upon the person alleging the same" (see Matter of Johnson v Director, Downstate Med. Ctr., State Univ. of N.Y., 52 AD2d 357, 368, affd 41 NY2d 1061). Although amendments to the charges may be allowed in some circumstances, a determination must be based on the written charges made (see Matter of Kiyonaga v New York State Justice Ctr. for the Protection of People with Special Needs, 204 AD3d 1351, 1353-1354; see also Matter of Tartaglione v Board of Commrs. of Police Dept. of Vil. of Briarcliff Manor, 301 AD2d 655, 657) and must be based on specific factual findings (see Matter of Morgan v Warren County, 191 AD3d 1129, 1130; see also Matter of Simpson v Wolansky, 38 NY2d 391, 396).
The petitioner's remaining contentions either are without merit or have been rendered academic in light of our determination.
Accordingly, we grant the petition to the extent of annulling the determination finding the petitioner guilty of misconduct and terminating the petitioner's employment, the petitioner is reinstated to her position as senior cashier with the City of Mount Vernon Office of the Comptroller, with the employment status of suspension without pay, and the matter is remitted to the respondent City of Mount Vernon Office of the Comptroller for a new hearing and a new determination with respect to the charges to be conducted by a duly qualified, impartial decision maker who may be designated.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court