◼ In the Matter of the Estate of KENNETH F. CAMPBELL, Deceased. HARRY J. CAMPBELL, as Administrator of the Estate of KENNETH F. CAMPBELL, Deceased, Appellant; MARGARET CHIRKIS et al., Respondents.—Yesawich, Jr., J. Appeal from an order of the Surrogate's Court of Columbia County (Leaman, S.), entered October 18, 1988, which, upon remittal from this court, adhered to its previous decision assessing a surcharge against petitioner's commissions as administrator.

This matter is before us after having been remitted to Surrogate's Court to determine how the issue, respecting payment of respondents' counsel fees, had been framed in a pretrial stipulation and to allow petitioner to defend himself in the event the stipulation permitted assessment of these fees against petitioner's commissions (138 AD2d 827, 829). On remittal, petitioner did not address the merits of the propriety

of a surcharge of respondents' counsel fees and related disbursements against him, but elaborated instead on his view of what purportedly had been stipulated to by the parties. Surrogate's Court, relying upon the following caption: "THE LEGAL FEES OF [RESPONDENTS'] ATTORNEY SHOULD NOT BE SURCHARGED TO THE ADMINISTRATOR NOR CHARGED TO THE ESTATE", which appeared in a memorandum of law submitted by petitioner after the alleged stipulation had been entered into, concluded that there had been no agreement that petitioner as administrator would not be surcharged for respondents' counsel fees and disbursements. Petitioner appeals; we affirm.

The amplified record now before us makes clear that the parties never did enter into a stipulation in compliance with CPLR 2104. Following a pretrial conference with the parties' counsel, the Surrogate's law assistant circulated a letter listing six issues to be tried as agreed upon during the conference. The parties were instructed to confirm by letter that the list conformed to their understanding. Respondents raised two objections, though not to the precise issue now before us, and stated that the remaining issues appeared to be satisfactory. As for petitioner, he did not respond at all, which must be interpreted as a rejection of the proffered stipulation. There was therefore no written agreement between the parties (see, CPLR 2104). Furthermore, the pretrial conference itself did not meet the technical requirements of an "open court" stipulation (see, Matter of Dolgin Eldert Corp., 31 NY2d 1, 4-5; see generally, Barker, New York Practice—'Open Court' Settlements; Structured Judgment, NYLJ, Feb. 27, 1989, at 3, col 1).

Thereafter, at the June 1986 hearing, Surrogate's Court asked several times whether the parties' attorneys agreed with the issues as framed by the law assistant with the exception of one issue which had been deleted. Although the attorneys never did so stipulate, that appears to have been due to inadvertence rather than by design. Nevertheless, the fact remains that the formalities to be met to create a binding stipulation, absent estoppel, were not observed. Lastly, the law memorandum adverted to by Surrogate's Court demonstrates that petitioner was fully aware at the time of the hearing that the issue of whether respondents' legal and accounting expenses were to be a surcharge upon petitioner's commissions was one of the matters to be resolved by the court.

Order affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.