■ In the Matter of the Estate of MYRON BOYCE, Deceased. ERNEST C. GEIGER, as Preliminary Executor, et al., Appellants, v PATRICIA LOPEZ, Respondent.—

The Surrogate abused her discretion in granting the motion to vacate respondent's default. Respondent is one of three adult daughters from the deceased's first marriage, which was terminated in divorce by 1955. Respondent, who had no contact with her father for over 30 years, was sent a waiver and consent to probate, together with a copy of the will, in April 1988. Although respondent did not return the waiver and consent form, she sent a card to the preliminary executor stating that she had had no contact with her father since she was a child, and that her father had not desired to establish a relationship with her. Thereafter, she was sent a citation to appear before the Surrogate's Court on June 21, 1988.

Respondent, a college graduate with two postgraduate degrees, does not deny that she received the citation but claims that she did not fully understand its legal significance despite the clear legend at the bottom which states: "If you fail to appear it will be assumed that you do not object to the relief requested. You have the right to have an attorney-at-law appear for you." Given her educational background, respondent's claim that she did not understand the import of the citation is not credible.

Prior to the return date, Meredith Boyce contacted respondent about contesting the will and stated that she had contacted an attorney to represent her. According to Meredith's affidavit, respondent said that she had no interest in joining in this effort or in assuming a share of the legal fees, because she had no interest in seeking anything from her father's estate. On the return date of the citation, the attorney for Meredith Boyce appeared and raised objection regarding her share of the estate. After lengthy negotiations, Meredith reached a settlement with the other legatees but, before the will had been admitted to probate, respondent retained counsel who filed a notice of appearance with the Surrogate's Court.

In the motion to vacate her default and for leave to file late objections to the admission of the decedent's will, respondent has failed to show either a valid excuse and the absence of willfulness or a meritorious claim "which is not established by allegations in conclusory form" (Cohen v Levy, 50 AD2d 1039 [3d Dept 1975]; accord, Anolick v Travelers Ins. Co., 63 AD2d 665 [2d Dept 1978]). Thus, respondent has not met the burden of proof which she concedes is applicable in order to be relieved of a default in pleading. Respondent's affidavit is replete with innuendo and unsubstantiated allegations that the deceased, who had suffered from Parkinson's disease for 10 years, was not of sound mind when he executed his will, and had been "pressured" and unduly influenced. However, the preliminary executor, who was the deceased's attorney of long standing, affirms that the deceased specifically excluded respondent in each of the seven wills that he had executed since 1958.

Respondent has not submitted an affidavit from anyone with personal knowledge of the facts on which the aforementioned allegations are based. Given her complete estrangement from her father for over 30 years, her averments appear to be based on nothing more than speculation or hearsay. Inasmuch as respondent has offered no reasonable excuse for her eight-month delay and has shown no substantial grounds for contesting the will, there was no basis for vacating her default. In light of the prejudice that further delay will cause to the beneficiaries if late objections are now permitted, we find the Surrogate abused her discretion in granting the motion. Concur—Murphy, P. J., Carro, Kassal and Rosenberger, JJ.