■ In the Matter of the Estate of CLAUDE ARPELS, Also Known as CLAUDE L. ARPELS, Deceased. MHERULISA ARPELS et al., Appellants; ANNE-MARIE A. EDWARDS et al., Respondents. —Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered September 25, 1991, which denied petitioners' application for a decree of default precluding respondents from filing objections to the will and codicils thereto, of decedent Claude Arpels, on the ground that the time for filing such objections had expired, unanimously affirmed, with costs.

SCPA 1410 and Uniform Rules for Trial Courts (22 NYCRR) § 207.36 require that, if an examination of attesting witnesses is requested pursuant to SCPA 1404, objections thereto must be filed within ten days after the return date, here February 11, 1991, or within such other time as fixed by stipulation of the parties or by the court. On the calendar call on the return day of the petition for probate of decedent's will, counsel for respondents indicated his intention to proceed with SCPA 1404 examinations before filing a response or objections. Counsel for petitioners, by his affidavit, acknowledged that counsel for respondents had expressed his intention to do so but claimed that no formal request had been made for an extension of time within which to file such objections. The court officer marked the calendar "No action, 1404". Immediately after exiting the courtroom, counsel for respondents sought to proceed with his examination and made document requests. Counsel for petitioners indicated that new trial counsel was to be retained who would make arrangements. This claim was not rebutted by petitioners' counsel. Thereafter, for a period of approximately four months after petitioners claim respondents' time to file objections had expired, the parties engaged in an exchange of correspondence relating to respondents' document request as a predicate to examination of witnesses.

Notwithstanding the absence of a stipulation meeting the formalities required by CPLR 2104, extending respondents' time in which to file objections, we find petitioners estopped from invoking the preclusive effect of SCPA 1410 *(see, Matter*

*of Campbell,* 150 AD2d 897). Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.