■ In the Matter of the Estate of MYRTLE BRODY, Deceased. HERBERT FEILER et al., Appellants-Respondents; STEWART J. WALLACE, Respondent-Appellant. [602 NYS2d 621] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about August 17, 1992, which, *inter alia,* granted objectant's renewed motion for leave to file late objections to the probate of the propounded instrument, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of denying such leave, and otherwise affirmed, without costs.

While objectant demonstrated a reasonable excuse for his default in filing timely objections to the propounded instrument, he failed to make a prima facie showing on the issues of lack of testamentary capacity and undue influence. Objectant's speculation that decedent had been disoriented in her final months was controverted by decedent's hospital physician during that period. Although petitioner Rosemary Spencer Kaye, who was named as an executor and a substantial beneficiary in the propounded instrument, concededly spent much time with decedent at home in her final months, objectant has not controverted petitioners' contention that it was natural for Ms. Kaye, a longtime friend, to have been by decedent's side at that time. Moreover, at the time the propounded instrument was prepared and executed, Ms. Kaye was in Michigan, hundreds of miles away from decedent's New York apartment, a fact that is itself evidence of an absence of undue influence *(see, Poluliah v Fidelity High Income Fund,* 102 AD2d 720, 723). Although decedent's two prior wills did not name Ms. Kaye as a beneficiary, we note

that she had figured in decedent's dispositive scheme in some fashion for many years and that the final will includes many additional bequests made in the wake of the death of decedent's husband.

In view of the foregoing, it is not necessary to address objectant's motion to have the court recuse itself or petitioners' cross-motions to disqualify objectant's counsel and to suppress an affidavit pursuant to CPLR 4507. Concur—Murphy, P. J., Carro, Ross and Asch, JJ.