In the Matter of the Estate of ELIZABETH P. WANG, Deceased. ANN W. HOUCK et al., Respondents; LILY WANG et al., Appellants. [773 NYS2d 578]—

In a probate proceeding, Lily Wang and Doris Wang appeal from (1) an order of the Surrogate's Court, Suffolk County (Weber, S.), dated October 18, 2002, which, inter alia, denied their motion to vacate their default in appearing on the return date of the supplemental probate citation, (2) a decree of the same court dated October 18, 2002, which admitted the decedent's will to probate, and (3) letters testamentary of the same court dated October 25, 2002, and Lily Wang also appeals from (4) a decision of the same court dated August 8, 2002.

Ordered that the appeal from the decision is dismissed, as no

appeal lies from a decision (see *Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the letters testamentary is dismissed, as no appeal lies from letters testamentary (see CPLR 5501); and it is further,

Ordered that the order dated October 18, 2002, is affirmed; and it is further,

Ordered that the decree dated October 18, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner-respondent and the respondents-respondents, payable by the appellants personally.

Elizabeth P. Wang (hereinafter the decedent) died on January 14, 1999, survived by five distributees, a son and four daughters. The decedent's will, dated March 18, 1994, provided for an equal five-way distribution among the children, identical to intestacy, and nominated the son, Edward D. Wang, as executor and a daughter, Lily Wang, as alternate executor.

A probate petition was filed by another daughter, Ann Wang Houck, the petitioner herein, together with a renunciation of Edward D. Wang as executor. On May 22, 2001, Lily Wang filed objections to probate alleging, inter alia, lack of due execution, lack of testamentary capacity, undue influence, and the existence of a substantially different will. On April 17, 2002, Edward D. Wang filed a retraction of his renunciation as executor pursuant to SCPA 1417 (2). He subsequently made an application to amend the probate petition to reflect the retraction. The petitioner consented to this application. The application was granted and a citation was issued to all distributees who had not consented to the amended petition. The amended petition sought modified relief to the extent that letters testamentary would issue to Edward D. Wang and the petition would no longer seek to disqualify Lily Wang. A citation was issued on the amended petition, returnable July 16, 2002. No one appeared in opposition on that day.

By decision dated August 8, 2002, the Surrogate's Court determined that Lily Wang's motion to dismiss the petition should be denied and the cross motion of Ann Wang Houck to dismiss the objections to probate filed by Lily Wang should be granted. Thereafter, Lily Wang and Doris Wang (hereinafter the appellants) moved to vacate the July 16, 2002, default, to require the remaining three distributees of the estate to produce the alleged, other will of the decedent, and to reject the probate decree submitted by the petitioner. By order dated October 18, 2002,

the Surrogate's Court denied the motion in its entirety. On the same day, the Surrogate's Court admitted the decedent's will to probate.

The Surrogate's Court properly determined that Lily Wang's objections should be dismissed on the ground that she lacked standing because her pecuniary interest was not adversely affected by the propounded will, since her interest thereunder was identical to that in intestacy (*see Matter of Waldman,* 1 AD2d 980 [1956]; *Matter of Ballmann,* 198 Misc 916 [1950]).

Moreover, contrary to the appellants' contentions on appeal, they do not have standing to object to that portion of the will which nominated Edward D. Wang as executor, because their pecuniary interests are not adversely affected. Unlike the objectant in *Matter of Brumer* (69 AD2d 438 [1979]), the appellants did not take the position that the will should be admitted to probate except for the clause nominating Edward D. Wang as executor. Rather, the appellants objected to the probate of the will itself in addition to their objecting to that part of the will which nominated the executor.

Furthermore, the Surrogate's Court properly found that the appellants failed to show their entitlement to vacatur of their default. In order to vacate a default, a party must show (1) a valid excuse and the absence of willfulness, and (2) a meritorious claim which is not established by allegations in conclusory form (*see Matter of Boyce,* 158 AD2d 422 [1990]). Moreover, "[i]n order for the decree to be vacated, it must appear that there is a substantial basis for the contest and a reasonable probability of success on the part of the petitioner" (*Matter of Greene,* 240 AD2d 745 [1997]; *see Matter of Morgen,* 251 AD2d 333 [1998]).

The appellants failed to establish the existence of a meritorious claim. The appellants also do not have a pecuniary interest that would be adversely affected by the propounded will since it provides them with their intestate share (*see Matter of Waldman, supra; Matter of Ballmann, supra*).

Contrary to the appellants' contention, they failed to proffer any evidence other than unsupported speculation regarding an alleged other or different will and thus, made no showing to justify the Surrogate's Court directing the production of such a will. As such, they failed to establish either standing or a substantial basis for the contest (*see Matter of Bray,* 146 Misc 415 [1932]). In sum, the Surrogate's Court properly dismissed the appellants' objections and issued a decree admitting the decedent's will to probate.

The appellants' remaining contentions are without merit. Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.