In the Matter of the Estate of JANICE HALL, Also Known as JANICE HALL REYES, Deceased. DAVID M. REYES, Appellant; ARTHUR A. REYES et al., Respondents. [784 NYS2d 605]—

In a probate proceeding, the objectant, David M. Reyes, appeals from (1) an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated June 13, 2003, which, inter alia, dismissed his objections and directed that the decedent's will be admitted to probate, and (2) a decree of the same court also dated June 13, 2003, which admitted the will to probate.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents payable by the appellant personally.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the decree (*see* CPLR 5501 [a] [1]; *Matter of Rosen,* 291 AD2d 562 [2002]).

Janice Hall (hereinafter the decedent) died on January 2,

2001, survived by three sons. The decedent's will provided for an equal three-way distribution among the three sons, identical to their shares if the decedent died intestate.

A probate petition was filed by the decedent's son Arthur A. Reyes (hereinafter the executor), the executor named in the will. Another son, David M. Reyes (hereinafter the appellant), filed objections to probate, and later moved to dismiss the petition based upon allegations, among other things, of lack of due execution, lack of testamentary capacity, and undue influence. The executor cross-moved to dismiss the objections, contending that the appellant did not have standing to raise them.

The Surrogate's Court properly determined that the appellant lacked standing to raise the objections. "Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will" (SCPA 1410). Since the appellant's interest under the will was identical to that in intestacy, his pecuniary interest was not adversely affected by the will, and he had no standing to object (*see* SCPA 1410; *see also Matter of Wang,* 5 AD3d 785, 787 [2004]; *Matter of Waldman,* 1 AD2d 980 [1956]; *Matter of Ballmann,* 198 Misc 916, 918 [1950]).

Similarly, the appellant did not have standing to object to that portion of the will which nominated Arthur A. Reyes as executor, because his pecuniary interests were not adversely affected by such designation (*see* SCPA 1410; *Matter of Wang, supra*).

The parties' remaining contentions either are without merit or academic in light of our determination. Smith, J.P., Adams, Crane and Skelos, JJ., concur.