■ In the Matter of Estate of CHARLES C. MAXWELL, Also Known as CHARLES MAXWELL, Deceased. LAURA KUSE, Appel-

lant; Marguerite Quinn, Respondent. [786 NYS2d 346]—In a probate proceeding, the petitioner appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated December 16, 2003, as denied those branches of her petition which were to vacate her default in contesting the probate of the decedent's will and for leave to serve late objections to the probate of the will, to suspend and/or revoke the letters of administration C.T.A. issued Marguerite Quinn, and to disqualify Marguerite Quinn as the administrator C.T.A. of the estate of Charles C. Maxwell, also known as Charles Maxwell.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondent by the appellant personally.

To vacate her default in contesting the probate of the decedent's will, the petitioner was required to show "(1) a valid excuse and the absence of willfulness, and (2) a meritorious claim which is not established by allegations in conclusory form" (*Matter of Wang,* 5 AD3d 785, 787 [2004]; *see* CPLR 5015 [a] [1]; *Matter of Boyce,* 158 AD2d 422, 423 [1990]). The petitioner failed to establish a reasonable excuse for her default. Accordingly, the Surrogate's Court properly declined to vacate the default.

The petitioner also failed to demonstrate that suspending and/or revoking the letters of administration C.T.A., or disqualifying the administrator C.T.A., was warranted (*see* SCPA 711 [2], [3], [7]). Therefore, the Surrogate's Court properly denied those branches of the petition. Santucci, J.P., S. Miller, Cozier and Fisher, JJ., concur.