■ In the Matter of the Estate of CLOTILDE ESTEVES, Deceased. MARIA E. LOURO, Respondent; CYNTHIA A. ESTEVES et al., Appellants. [819 NYS2d 181]—

Kane, J. Appeal from an order of the Surrogate's Court of Columbia County (Czajka, S.), entered November 28, 2005, which, inter alia, granted letters testamentary to petitioner.

Following decedent's death, petitioner, the named executor, offered decedent's will for probate. Respondents, two of decedent's children, requested an examination of the will drafter and witnesses pursuant to SCPA 1404. In the order authorizing such examination, Surrogate's Court directed the distributees to file formal objections to probate within 10 days after the completion of the examination. The examination was held on October 20, 2005. Because October 30, 2005 was a Sunday, objections were required to be filed on or before October 31, 2005 (*see* General Construction Law § 25-a [1]). Respondents mailed their objections to opposing counsel and the court on October 31, but the objections were not received by the Clerk of the Court until November 1, 2005. Petitioner's counsel then wrote a letter asking that the court reject the objections as untimely. Respondents' counsel responded by letter. The court, upon these letters and its own motion, rejected the objections to probate as untimely and granted letters testamentary to petitioner, the executor. Respondents appeal.

We affirm. As papers are not deemed filed until received by the Clerk of the Court (*see Matter of Cochran v New York City Employees' Retirement Sys.*, 131 AD2d 351, 353 [1987]), mailing the objections did not constitute filing (*compare* CPLR 2102 *with* CPLR 2103; *see Matter of Rosenkranz v Rosenkranz*, 198 AD2d 592, 593 [1993]; *Stein v Wainwright's Travel Serv.*, 92 AD2d 961, 961 [1983]). Objections must statutorily be filed within 10 days of an SCPA 1404 examination, unless otherwise ordered by the court or agreed upon by stipulation (*see* SCPA 1410). The parties here did not stipulate to a different time frame and Surrogate's Court's order paralleled the statute. Thus, the objections were not timely filed. Court rules further specify that when the time for filing objections has expired, "objections *shall not* be accepted for filing unless accompanied by a stipulation" or court order (22 NYCRR 207.36 [emphasis added]). Based on the compulsory language of this rule, the court properly rejected the objections.

Respondents argue that Surrogate's Court improperly entertained a letter request to reject the untimely objections, as opposed to requiring a formal motion. The record reveals that the court, upon being advised of the late filing, received a response from respondents' counsel in which the only relevant

substantive argument was that the papers were timely filed. The record does not disclose that respondents pursued the proper remedy of making a timely motion permitting the late filing by offering an excuse for the untimely submission and proof that their claim was meritorious (*see Matter of Maxwell*, 13 AD3d 630, 631 [2004]; *Matter of Boyce*, 158 AD2d 422, 423 [1990]). Under the circumstances here, the court acted within its authority and properly rejected the untimely objections on its own motion.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.