OPINION OF THE COURT
Lee L. Holzman, J.
*553 The decedent’s nephew, his sole distributee, moves by order to show cause to set aside a decree admitting to probate a will dated May 25, 1989.
On the return date of process in the probate proceeding, December 15, 2004, the movant was given until 10 days after completion of SCPA 1404 examinations to file objections. Upon the movant’s failure to proceed with the SCPA 1404 examinations for a period of more than eight months, the proponent submitted a proposed probate decree with notice of settlement upon the movant’s counsel. In the absence of receiving any opposition to the entry of the decree, it was entered on September 21, 2005. Notwithstanding that the decree noticed for settlement contains an affidavit of service, the movant’s counsel claims that he never received a copy of the decree.
The uncontroverted allegations of the executor’s attorney are that he first requested that the movant agree to dates for the SCPA 1404 examinations and followed up with a letter dated January 27, 2005, requesting dates on which the examinations could be held. Similar letters were sent to the movant’s counsel on April 17, 2005, May 24, 2005 and July 19, 2005, to which no reply was received. Movant’s counsel alleges that he did not learn that the will had been admitted to probate until he looked at the court’s file in January 2006. He then allowed several more months to elapse before he filed the instant application. At this late date, the only basis set forth to question the validity of the will is the period of time that elapsed between the date of the decedent’s death and the filing of the will and the probate petition.
Where objections to probate are to be filed within 10 days after completion of SCPA 1404 examinations, there is an implicit requirement that all parties proceed with the examinations in a timely manner. Here, the uncontroverted allegations are that the proponent fulfilled this requirement by his attempts to schedule the SCPA 1404 examinations on at least five different occasions. In addition to not responding to the proponent’s efforts to schedule the SCPA 1404 examinations, the movant apparently made no effort to schedule them from December 15, 2004, the date he requested the examinations, until January 2006, the date that his attorney allegedly first ascertained that the will had been admitted to probate. Based upon this record, the court finds that the movant waived his *554 right to the SCPA 1404 examinations and that he failed to file objections in a timely fashion (see SCPA 1410). Moreover, the fact that the movant is suspicious about the validity of the will because of the delay in seeking its probate fails to establish that he would be able to file meritorious objections to the will. Consequently, the application to vacate the probate decree is denied.