■ THEODORE STEVENS et al., Appellants, v KAREN NEWBERRY et al., Respondents. [896 NYS2d 683]—

In an action, inter alia, to invalidate a will on the ground of fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), entered January 21, 2009, which, inter alia, granted those branches of the defendants' separate motions pursuant to CPLR 3211 (a) (3) which were to dismiss the complaint insofar as asserted against each of them and granted that branch of the motion of the defendant Karen Newberry which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) insofar as asserted against her by the plaintiff Barbara Tapley Ortiz.

Ordered that the appeal by the plaintiff Theodore Stevens from so much of the order as granted that branch of the motion of the defendant Karen Newberry which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) insofar as asserted against her by the plaintiff Barbara Tapley Ortiz is dismissed, as that plaintiff is not aggrieved by that portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed, with one bill of costs.

"Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will" (SCPA 1410). Here, the pecuniary interests of the plaintiffs were not adversely affected by the propounded will as they had no interest in the estate in the event of intestacy (see SCPA 1001). Accordingly, just as they would lack standing to object to probate of the will (see Matter of Hall, 12 AD3d 511 [2004]; Matter of Wang, 5 AD3d 785, 787 [2004]; Matter of De Francesco, 24 AD2d 81, 83 [1965]; see also Matter of Waldman, 1 AD2d 980 [1956]), they lacked standing to commence this action.

The plaintiffs' remaining contention is without merit. Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur.