■ In the Matter of the Estate of MARY L. SCIANNI, Deceased. PEGGY CASSIDY et al., as Executors of MARY L. SCIANNI, Deceased, Respondents; JAMES DUNLEAVY, Appellant. [927 NYS2d 736]—

Mercure, J.P.

Petitioners are the executors of decedent's will and filed a pe-

tition for probate. In June 2009, respondent, on behalf of himself and several other nonresident potential distributees, sought to examine the attesting witnesses prior to filing objections to probate (*see* SCPA 1404 [4]). Although he was granted a 30-day extension to do so, respondent did not conduct those examinations. Nevertheless, in January 2010, he served discovery demands upon petitioners in anticipation of the examinations. Surrogate's Court, troubled by respondent's prolonged delay in seeking discovery and the overbroad nature of the demands, directed him to post a $15,000 bond by March 2010 prior to any discovery. Respondent did not post the bond and instead filed objections to probate. Surrogate's Court agreed with petitioners that the objections should be rejected and issued letters testamentary, prompting this appeal.

Assuming, without deciding, that respondent is correct that Surrogate's Court improperly directed him to post a bond, we nevertheless affirm. If preobjection examinations made pursuant to SCPA 1404 occur, objections to probate "must be filed within 10 days after the completion of such examinations, or within such other time as is fixed by stipulation of the parties or by the court" (SCPA 1410). Respondent never conducted the requested examinations, despite being permitted a substantial period of time in which to do so, and he does not dispute that no other extensions to file were granted by Surrogate's Court or stipulated to by the parties. As such, his March 2010 objections—filed more than six months after the examinations were to be completed—were untimely (*see* SCPA 1410; 22 NYCRR 207.36). Given respondent's prolonged delay in conducting SCPA 1404 examinations and his ultimate failure to do so, as well as the conclusory nature of his objections, we cannot say that Surrogate's Court abused its discretion in rejecting them (*see Matter of Fox*, 14 Misc 3d 552, 553-554 [2006]; *see also Matter of Young*, 289 AD2d 725, 726 [2001]; *cf. Matter of Arpels*, 181 AD2d 423, 423 [1992]).

Spain, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the decree is affirmed, with costs.