Matter of Igleburger (2025 NY Slip Op 50241(U))

[*1]

Matter of Igleburger

2025 NY Slip Op 50241(U)

Decided on February 25, 2025

Surrogate's Court, Columbia County

Herman, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 25, 2025
Surrogate's Court, Columbia County

In the Matter of the Probate Proceeding, 
 Will of Gary Franklin Igleburger, Deceased.

File No. 2024-126

William F. Ryan, Jr., Esq.
Graham A. Thompson, Esq.
Tabner, Ryan and Keniry, LLP
Attorneys for the Petitioner
18 Corporate Woods Boulevard
Albany, New York 12211
(518) 465-9500
Richard D. Cirincione, Esq.
Whiteman, Osterman & Hanna, LLP
Attorneys for the Respondents
20 Corporate Woods Boulevard
Albany, New York 12211
(518) 487-7600

Brian J. Herman, S.

On July 10, 2023, Gary Franklin Igleburger (the "Decedent") died a resident of Columbia County. He was survived by his wife Beverly Igleburger (the "petitioner") and three children, James Igleburger, Jennifer Falter and Jeffrey Igleburger (collectively, the "respondents"). By petition verified on May 14, 2024, the petitioner commenced this proceeding seeking to probate a written instrument dated September 9, 2020 and propounded to be the Decedent's Last Will and Testament. 
On August 1, 2024, the parties appeared before this court by their respective counsel. At that time a scheduling order was issued which has to date governed this proceeding. Under the [*2]terms of the scheduling order, written discovery was to be completed on or before September 30, 2024, with depositions to be completed by October 31, 2024. Objections to the petition, if any, were to be filed within ten days of receipt of the transcripts of the depositions. 
On November 21, 2024, an examination pursuant to SCPA §1404 was conducted. Counsel for the respondents acknowledges having been served with the examination transcripts on November 27, 2024. Therefore, under the terms of the scheduling order, objections were to be filed on or before December 9, 2024. 
Objections to probate were filed with the Court on December 13, 2024. 
By Notice of Motion dated December 16, 2024, the petitioner moves, pursuant to 22 NYCRR §207.36 and CPLR 3211(a)(7), for rejection and dismissal of the respondents' objections asserting, among other things, that they are untimely and otherwise without merit. On that day, counsel for the respondents transmitted to the court a letter application containing certain representations and, on the basis of those representations, requested that the court accept the untimely objections for filing. On December 18, 2024, the court "so ordered" the letter, accepting the objections for filing, subject to the petitioner's motion to dismiss. 
In opposition to the motion, the respondents submitted the affirmation of Richard D. Cirincione, Esq., affirmed January 13, 2025, with their memorandum of law. The petitioner replied with the affirmation of William F. Ryan, Jr., Esq., affirmed January 22, 2025, with their reply memorandum of law.
For the reasons that follow, the petitioner's motion to dismiss the respondents' objections is granted in part.
Generally speaking, the parties concur as to the analysis to be employed when determining whether to accept late objections for filing. These factors, recited in the Matter of Kryk [15 Misc 3d 1133(A), Surrogate's Court, Monroe County, 2007], include, "reason for the delay, the extent of the delay, the deliberateness of the default, prejudice which might result and the merits of the objections." Matter of Kryk, supra at 2, citing Anolick v. Travelers Ins. Co., 63 AD2d 655 (1978). 
In his December 16, 2024 letter to the court [FN1]
, counsel for the respondents forthrightly acknowledges the four-day default in filing and offers several explanations therefor: service of the transcript on November 27, 2024 after he had left for the day; office closure on November 28 and November 29, 2024 for the Thanksgiving holiday; filing obligations in other courts; that all of the respondents reside out-of-state; the unavailability of the Decedent's brother, Thomas Igleburger; and the inadvertent failure to calendar the due date. The court accepts these realities as inherent in the practice of law which, from time to time, befall even the most diligent of practitioners. 
In light of the foregoing and recognizing that the petitioner asserts no prejudice arising from the four-day delay in filing, the court finds that the reason, extent, deliberateness and prejudice prongs of the Anolick analysis all strongly favor the court exercising its discretion to accept the objections for filing. This, however, does not conclude the analysis.
In support of dismissal, the petitioner highlights a line of cases, culminating with the Third Department's holding in the Matter of Esteves [31 AD3d 1028, Third Dept., 2006]. Coincidentally originating in this court (Czajka, J.), the default in Esteves arose from the [*3]objectant's transmittal of objections by mail, which ultimately reached the court subsequent expiration of the relevant filing period. Id. In departure from the series of events here, counsel for the objectant did not request an order, via letter application or otherwise, permitting the late filing or offering any explanation for the default. Id. at 1029. On the contrary, in correspondence to the court, counsel merely — and incorrectly — asserted that the objections were timely filed. Id. at 1029-1030. In affirming this court's rejection of the objections, the Third Department, indeed, noted that the objectant made no application, offered no explanation, nor provided any proof that their claim was meritorious. Id. at 1030, citing Matter of Maxwell, 13 AD3d 630, 631 (Second Dept., 2004); Matter of Boyce, 158 AD2d 422, 423 (First Dept., 1990). In reliance on Esteves and the cases cited therein, the petitioner asserts that the respondents' failure to submit an affidavit detailing the merit of their objections compels dismissal.
Review of the cases cited by both the petitioner and the respondents, as well as the court's own research, compels the conclusion that, in considering late objections for filing, examination of the merits of the respondents' objections is in order. Whether an affidavit of merit or the proffer of documentary evidence establishing, prima facie, any particular claim is a pre-condition to the court exercising its discretion to excuse a default in filing of a mere four days is a question separate and distinct. That same review compels the conclusion that it is not. 
The Matter of Seusing, a thoughtful and well-reasoned decision issued by Nassau County Surrogate's Court, is most factually congruent and particularly instructive. Matter of Seusing, 1998 WL 35421035; N.Y.L.J., August 10, 1998 at 33 (Surrogate's Court, Nassau County, 1998); Warren's Heaton on Surrogate's Courts §42.02. In Seusing, counsel for the objectant miscalculated and miscalendared the date by which objections were to be filed, resulting in lateness of a single day. Id. In considering the objectant's motion to approve the late filing, the Surrogate's Court noted that the respondent made no prima facie showing on the issues of execution, testamentary capacity or undue influence. Id. In conducting its analysis, the court distinguished the factual underpinnings of Seusing from those in the Matter of Brody [197 AD2d 447, First Dept., 1993], wherein it was held that, notwithstanding a reasonable excuse, failure to make a prima facie showing precludes the court's acceptance of a late filing. Id. "The one fact that distinguishes Matter of Brody from the current case is that here the objections were filed one business day after the due date, while in Brody, the motion to file late objections was not made until more than 2-1/2 months after the due date." Id. Finding that counsel's error was inadvertent, resulted in a delay of a single delay, and caused no prejudice to the petitioner, the Surrogate's Court granted the motion, specifically determining that "under the specific facts of this case, no affidavit of merit shall be required." Id.
The rationale applied by the Surrogate's Court in Seusing is, in this court's opinion, quite sound, rooted in fundamental fairness and in all respects consistent with the role of the courts in probate proceedings. "Under normal circumstances, an objectant is not required to have his evidence flushed out by the proponent by way of a motion for summary judgment until all discovery is closed. One can easily see the potentially monumental task presented to an objectant if he or she is forced to present a meritorious challenge to a will immediately after the date by which objections should have been filed." Id. The court's paramount concern, after all, is to admit only valid wills to probate. See SCPA §1408; Matter of Orlowski, 281 AD2d 422, 423 (Second Dept., 2001). In recognition of the foregoing, the court will not require the respondents to demonstrate entitlement to judgment as a matter of law to overcome their four-day default. This is not to say, however, that the respondents should be relieved of any showing [*4]of merit. Under the present circumstances, this requires, at the very least, examination of the facial sufficiency of the respondents' objections.
In their objections, the respondents advance alternative theories in opposition to probate. Initially, the respondents allege that "[t]he purported Last Will and Testament was not freely or voluntarily made or executed by the Decedent as his Last Will and Testament, and was obtained and the subscription and publication thereof, if it was in fact subscribed and published by her (sic) was procured by duress and undue influence practiced upon the Decedent by his wife, Beverly Igleburger and/or other persons acting in privity with her." Alternatively, that the court should impose a constructive trust for the benefit of the respondents in connection with the Decedent's interest in a closely held corporation, Day-Pak, Inc., "formed and operated" by Thomas Igleburger.
Addressing first the allegations of voluntariness, duress and undue influence in execution at Paragraph "1" of the respondents' objections, the petitioner argues that the respondents have failed to satisfy the heightened pleading requirements of CPLR 3016(b). CPLR 3016(b) provides, "[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." CPLR 3016(b). The purpose of this pleading requirement is, of course, to inform a defendant of the complained-of incidents. Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 NY3d 553, 559 (2009).
It has long been held that the pleading requirements of CPLR 3016(b) are inapplicable to probate proceedings.
While this provision was new when adopted as part of the CPLR in 1962, there is no indication that its purpose was to change any existing rule of pleading. On the contrary, the note to the section states that it is based upon a pleading requirement of long standing. Clearly, however, that requirement did not apply to probate proceedings in the Surrogate's Court when the long standing practice, supported by the great weight of authority, was to permit fraud and undue influence to be pleaded in general terms (citations omitted). Matter of Schneider, 314 N.Y.S.2d 587, 588-589 (Surrogate's Court, Westchester County, 1970). The petitioner does not cite, nor is this court familiar with any case applying the heightened pleading requirements of CPLR 3106(b) to probate proceedings.The court, therefore, finds that the respondents' objections in this regard are of sufficient merit to permit their late filing, and as such, that aspect of the petitioner's motion seeking dismissal of paragraph "1" of the respondents' objections pursuant to 22 NYCRR §207.36 and CPLR 3211(a)(7) are denied. The petitioner shall be entitled to further discovery on this objection, including a bill of particulars if so demanded (see 22 NYCRR §207.23), in accordance with the superseding scheduling order set forth hereinbelow.
Turning now to that portion of the respondents' objections seeking the imposition of a constructive trust, the court recognizes at the outset that a constructive trust is an equitable remedy, and as such, courts do not rigidly apply the elements for one's establishment but use them as flexible guidelines. Baker v. Harrison, 180 AD3d 1210, 1211 (Third Dept., 2020). These elements are: (1) a confidential relationship; (2) a promise; (3) a transfer in reliance on that promise; and (4) unjust enrichment. Id.
The respondents' factual allegations are summarized as follows. The Decedent was a [*5]shareholder in a closely held corporation, Day-Pak, Inc., formed and operated by his brother, Thomas Igleburger. The corporation was in the process of being sold "shortly" before the Decedent's death. Prior to the sale, the Decedent requested an advance liquidating distribution, as the Decedent wanted to gift the respondents his share of the proceeds. It is alleged that at the request of the Decedent, Thomas arranged to make a loan in the amount of $1 million to be repaid from the Decedent's share of the sale proceeds, without recourse in the event that this amount was less than the loan amount. Prior to sending the loan funds to the Decedent, the petitioner called Thomas and stated "we do not want the money." Thereafter, it is alleged that the petitioner would not allow the Decedent to speak with Thomas and took the Decedent's phone from him. On an unspecified date prior to the Decedent's death, the sale closed, and the Decedent's portion of the sale proceeds were transmitted to the Decedent "to allow him to make the intended gift of the proceeds to his children." It was not until after the Decedent's death that Thomas learned that the Decedent's portion of the sale proceeds was not distributed to the respondents. On these alleged facts, the respondents conclude that if a constructive trust is not established with respect to the Decedent's portion of the sale proceeds of the corporation, the petitioner and the estate will be unjustly enriched. 
Accepting these facts as true, and according the respondents the benefit of every favorable inference [see Leon v. Martinez, 84 NY2d 83, 87-88 (1994)], the court finds that the circumstances as alleged by the respondents are insufficient to impress a constructive trust upon the Decedent's portion of the sale proceeds of the corporation.
To be sure, the familial relationship as between the Decedent and the respondents is quite commonly recognized as sufficiently "confidential" for the imposition of a constructive trust. See Matter of Wieczorek, 186 AD2d 204 (Second Dept., 1992) (parent/child); see also Ladone v. Ladone, 121 AD2d 512 (Second Dept., 1986) (husband/wife); and Tompkins v. Jackson, 20 Misc 3d 1108(A) (Supreme Court, New York County, 2008) (unmarried cohabitants). That being said, a mere familial relationship is insufficient absent a showing that there was a promise made as between those parties and a transfer made in reliance thereupon. See Matter of Husisian, 187 AD3d 1470 (Third Dept., 2020). Additionally, courts have generally held that a party may not impress a constructive trust on property absent some interest in the property prior to obtaining the promise that the property would be conveyed. See Ladone, supra at 833; Bontecou v. Goldman, 103 AD2d 732, 733 (Second Dept., 1984); Matter of Wells, 36 AD2d 471, 474 (Fourth Dept., 1971). 
The respondents allege no promise of any kind whatsoever as having been made by the Decedent to either Thomas or, more importantly for purposes of this analysis, the respondents. The respondents merely allege that the Decedent expressed to Thomas his desire to gift his share of the proceeds to his children. This alleged expression of desire — even intent, were it the case — falls far short of a promise made by the Decedent to the respondents. See Adams v. Gillig, 199 NY 314, 320 (1910) (a mere statement of an intention, even if expressed unconditionally and unequivocally does not, on its own, give rise to a binding contract). Moreover, the transfer central to the respondents' theory, that being the delivery of the Decedent's share of the sale proceeds, was not made in reliance upon any such promise or in furtherance of any expressed desire or intent. Upon the sale of the corporation, the funds to which the Decedent, and the Decedent alone, were entitled, were delivered to him. Under the facts as alleged, Thomas had no authority to withhold these funds from the Decedent nor to condition their release to the Decedent upon their subsequent conveyance to the respondents. Thomas had a legal obligation [*6]to transmit these funds to the Decedent, which obligation he dutifully fulfilled. Nor is any allegation made that the respondents relied, in any form or fashion, on any purported promise made by the Decedent or that they suffered any detriment whatsoever thereby.
As to the respondents' allegations that the Decedent "wanted" or "intended" to gift his share of the sale proceeds to the respondents, this is likewise unavailing, as a constructive trust is a mechanism in equity to rectify fraud, not a vehicle to enforce intent. Matter of Rutherford, 125 AD2d 312, 313-314 (Second Dept., 1986); citing Matter of Wells, 36 AD2d 471, 474 (Fourth Dept., 1971). 
Under these circumstances, no amount of flexibility in application warrants the imposition of a constructive trust over these funds. The court, therefore, finds that Paragraphs "2" through "13" of the respondents objections are of insufficient merit so as to excuse their late filing and are otherwise subject to dismissal pursuant to CPLR 3211(a)(7).
Accordingly, it is hereby
ORDERED that the petitioner's motion to dismiss the respondents' objections is denied as to Paragraph "1" thereof; and it is further
ORDERED that the petitioner's motion to dismiss the respondents' objections is granted as to Paragraphs "2" through "13" thereof; and it is further
ORDERED that the following Scheduling Order be adhered to:

April 30, 2025

All discovery and depositions must be complete.

May 30, 2025

Any dispositive motion(s) and demand for jury trial shall be filed and served by this date. All motions and answering papers are to be filed with the Surrogate's Court Chief Clerk, and courtesy copies shall not be sent to chambers. A party requesting oral argument shall set forth such request in its notice of motion or on the first page of the answering papers, as the case may be.

June 20, 2025

Note of Issue and Certificate of Readiness served on all parties who have appeared and filed with the court together with an affidavit of service. The Note of Issue shall contain a statement of the estimated trial time each party will require. In the event a Note of Issue is not timely filed, the matter will be removed from the trial calendar.

[*7]June 20, 2025

In the case of a jury trial, a proposed order framing issues pursuant to 22 NYCRR 207.31 shall be filed with the court in writing by this date, stating plainly and concisely the controverted questions of fact to be determined by the jury. Proposed jury instructions should also be included.

July 17, 2025

Pretrial conference at which time counsel for each party must be present and certify to the court that:
  (a) Discovery and depositions have been completed;

 (b) Settlement discussions been unsuccessful; and

 (c) The case is ready for trial.

TBD                         TRIAL DATES
This constitutes the decision and order of the court.
Dated: February 25, 2025
Hudson, New York
Hon. Brian J. Herman
Surrogate
Papers considered:
Notice of Motion of William F. Ryan, Jr., Esq., dated December 16, 2024
Affirmation in Support of Graham A. Thompson, Esq., affirmed December 16, 2024
Petitioner's Memorandum of Law, dated December 16, 2024
Affirmation of Richard D. Cirincione, affirmed January 13, 2025, with exhibits A-B
Respondents' Memorandum of Law, dated January 13, 2025
Reply Affirmation of William F. Ryan, Jr., Esq., affirmed January 22, 2025
Petitioner's Reply Memorandum of Law, dated January 22, 2025

Footnotes

Footnote 1: Exhibit "A" to Affirmation of Richard D. Cirincione, Esq., affirmed January 13, 2024.