Matter of Branch (2025 NY Slip Op 50329(U))

[*1]

Matter of Branch

2025 NY Slip Op 50329(U)

Decided on March 10, 2025

Surrogate's Court, Kings County 

Graham, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2025
Surrogate's Court, Kings County 

Probate Proceeding, Will of Moty Bell Robinson Branch Deceased.

File No. 2020-3080

Attorney for Petitioner:
Joseph Edward Gregory
Law Offices of Joseph Gregory, LLP
249 New York Ave
Brooklyn, NY 11216
Gwendolyn Robinson
Pro Se Respondent
Dominic Famulari, Esq. 
Guardian Ad Litem — Joshua Robinson
6741 3rd Avenue 
Brooklyn, NY 11220

Bernard J. Graham, S.

The following papers were considered:
Papers Numbered
Notice of Motion 1
Affirmation in Support with exhibits 2
Affidavit in Support 3
Affidavit in Opposition to Motion 4
Reply Affidavit by Petitioner with exhibits 5
In this contested probate proceeding, Tomika L. Webb (the "petitioner") moves pursuant to CPLR §3212 for summary judgment, seeking an order of the court dismissing the verified objections to probate (the "objections") interposed by self-represented litigant, Gwendolyn Robinson (the "respondent"), to the probate of a written instrument dated November 19, 2017 and the Codicil dated July 25, 2019 (collectively the "propounded instrument"), which purports to be the Last Will and Testament of Moty Bell Robinson Branch (the "decedent"). The motion [*2]also seeks to enforce the in terrorem clause contained in the propounded instrument against the respondent for filing objections.
For the following reasons, the objections to probate are rejected, nunc pro tunc, and deemed a legal nullity due to the respondent's lack of standing to object to the decedent's will under SCPA §1410. The objections being deemed a nullity, petitioner's motion for summary judgment is deemed moot and the propounded instrument admitted to probate. The petitioner's request to enforce the in terrorem clause of the propounded instrument is also denied.
 Introduction
The decedent died on October 1, 2020 and was survived by her five children: Patricia Ann Robinson, Gwendolyn Robinson, Carol Faye Turner, Johnathan Leon Robinson, and Debra Alicia Robinson; and a grandchild, Joshua Robinson ("Joshua"), who is an adult under a disability and the child of pre-deceased daughter, Mary Anita Robinson. Pursuant to the propounded instrument, the petitioner is the nominated executor of the decedent's estate and receives a specific bequest of three (3%) precent of the sale of the real property located at 343 Rutland Road, Brooklyn, NY 11225. 
On July 7, 2022, the respondent, a self-represented litigant, filed a court form titled "verified objections to probate" and handwrote in narrative form allegations of the decedent's behavior during her lifetime regarding the management of the decedent's house and the management of the house by others after the decedent's death. Specifically, she alleged a failure to collect rents from family members who currently live in the decedent's house and a lack of information regarding the payment of the decedent's debts and the cost of the funeral. The respondent's objections deviated from standard objections to probate as the document does not object to the petitioner's appointment as the nominated executor under the propounded instrument, it does not contain allegations objecting to the due execution of the propounded instrument, the capacity of the decedent at the time the will and codicil were executed, nor does it include allegations that the propounded instrument was the product of undue influence or fraud. Similarly, the respondent's affidavit in opposition to petitioner's summary judgment motion does not oppose the probate of the propounded will but rather restates her request for information regarding the management of the decedent's property, including a request for monthly property expenses and rents collected.
After personal jurisdiction was completed, Dominic J. Famulari, Esq. was appointed as Guardian Ad Litem (GAL) for Joshua. Pursuant to the GAL report dated February 22, 2024, the GAL conducted SCPA §1404 examinations of the attesting witnesses and attorney draftsperson. The GAL's report stated his consent to the probate, as he found no grounds to object to the validity of the propounded instrument.
The petitioner has filed the instant motion for summary judgment seeking an order dismissing the objections and admitting the propounded instrument to probate. While the respondent filed an affidavit in opposition to the summary judgment motion, it contains no facts controverting the genuineness of the decedent's propounded instrument, but rather alleges that the nominated executor has failed to collect rents from those occupying the decedent's real property since the decedent's death.

Discussion
While the petitioner has brought a motion for summary judgment to dismiss the respondent's objections to probate, upon review of the facts herein, the Court must first determine if the respondent has standing to file objections before addressing the substantive [*3]issues of the petitioner's motion. 
Pursuant to SCPA §1410, any "person interested" in the estate, who is defined as a person adversely affected by admission of the will, may file objections."In determining whether a distributee will be adversely affected by probate, the legacy in the offered Will is compared with what the potential objectant takes in intestacy." (In re Est. of Nigro, 2003 NY Misc LEXIS 2122 at 4 [Sur Ct, Nassau County 2003]). Under SCPA §1410, if the distributee would realize a pecuniary gain by the probate of the will, (and in turn the distributee would receive less if the estate passed through intestacy), the distributee would not be "adversely affected" within the meaning of SCPA §1410 and would therefore not have standing to file objections. (In re Estate of Hall, 12 AD3d 511 at 511[2d Dept 2004]; see also Matter of Wang, 5 AD3d 785, 787 [2d Dept 2004] [objectants did not have standing to object where each was entitled to one-fifth share in intestacy as well as under will]). 
Here, the probate petition dated November 25, 2020, listed the estate assets as follows: $15,000.00 in personal property and $1,250,000.00 in real property located at 343 Rutland Road, Brooklyn, NY, totaling $1,265,000.00 in assets. The respondent's intestate share is sixteen and two-thirds (16.66%) percent, or one-sixth of the decedent's estate, which totals $210,833.33 of the gross estate. Under the purported instrument, the respondent is to receive twenty (20%) percent of the decedent's real property, with her gross share of the real property totaling $253,000.00. The respondent's testate share is over forty thousand ($40,000.00) dollars greater than her intestate share based upon the estate assets. Since the respondent's interest under the will is greater than that in intestacy, her pecuniary interest has not been adversely affected by the will, and thus, she has no standing to object. (In re Will of Haddock, 22 Misc 2d 694 [Sur Ct, Nassau County 1960] [court granted the motion to dismiss the objections because intestate share of each of the objecting parties was 25% of estate, while under provisions of will, each would receive 33&frac13; % of estate]). The Court distinguishes this case from Matter of Brumer, 69 AD2d 438 (2d Dept 1979), where a beneficiary, who was also a distributee, received the same intestate share under the will but did not have standing to object under SCPA §1410 as an "interested person." Rather, the party was granted standing under SCPA §709 to object to appointment of the nominated executor. The respondent herein has not specifically objected to the appointment of the nominate executor in her objections.

Probate of the Propounded Instrument
With the respondent's objections dismissed for lack of standing, the probate petition shall proceed as uncontested. Upon review, the Court is satisfied that the propounded instrument dated November 19, 2017 and the codicil dated July 25, 2019 are genuine and duly executed, and at the time of their execution, the decedent was competent to make a will and was not under any restraint. (See EPTL §3-2.1).
Accordingly, the propounded instrument shall be admitted to probate as the decedent's last will and testament, and letters testamentary shall issue to Tomika L. Webb as executor, upon duly qualifying according to law. (See SCPA §1408). The filing of a bond is dispensed with.

Enforcement of 
 In Terrorem 
 Clause
Since the propounded instrument has been admitted to probate by this decision, the Court can construe the in terrorem clause and determine if it has been triggered by the respondent's filing of her objections. The in terrorem clause from the propounded instrument provides:
THIRTEENTH: In the event that any legatee named herein contests this, my Will, in any way or participates in any way in any such will contest, then I direct that said legatee [*4]shall thereby forfeit his or her bequest hereunder, and shall be deemed for all purposes hereunder to have predeceased me leaving no issue surviving me.
It is well settled that in terrorem clauses are enforceable, "although not favored and [must be] strictly construed" (Matter of Fairbairn, 46 AD3d 973, 974 [3d Dept 2007] quoting Matter of Ellis, 252 AD2d 118, 127 [2d Dept 1998], lv denied 93 NY2d 805, [1999]; see EPTL 3-3.5 [b]). The Court has determined that the respondent's objections are a legal nullity. "Objections filed by one having no legal status to do so are a nullity and this would be so regardless of however valid the same objections might prove to be if interposed by a qualified objectant." (In re Andrews' Will, 194 Misc 217 [Sur Ct, Broome County 1949]). Based upon these facts, the propounded instrument's in terrorem clause is legally inoperative against the respondent, as she has no standing to object or participate in a will contest. (See SCPA §1410, see also, In re McGoldrick, 7 Misc 3d 1001(A) [Sur Ct, Nassau County 2005]). The Court is cognizant of the decision from In re Shamash v. Stark, 2009 NYLJ LEXIS 3716 (Sur Ct, New York County 2009), which ruled the in terrorem clause was triggered by a trust contest proceeding brought in Florida despite ultimately being dismissed for lack of jurisdiction. That case is distinguishable as the in terrorem clause language of In re Shamash was broad and prohibited a contest "in any manner, directly or indirectly," while the clause herein limits the triggering of the in terrorem clause to specifically participating in a will contest.
Furthermore, the Court has considered that the respondent is unrepresented by counsel and has introduced a handwritten document titled "verified objections to probate." Upon review of the respondent's objections, the substance of the respondent's allegations do not seek to bar the appointment of the petitioner as executor, nor do they contain allegations objecting to the propounded instrument. Rather, the allegations contained in the objections raise accounting issues regarding the estate including the reimbursement of funeral costs, payment of real property expenses by family members, and information about the rent collection in connection with the decedent's real property. Such allegations have no relevance to probate and may be raised in an accounting proceeding after the probate decree is issued. Further, the petitioner has not been appointed as the preliminary executor while this proceeding has been pending, and as such, she lacks the authority to access information regarding the decedent's assets and liabilities to provide the respondent with her requested accounting information. The respondent is entitled to accounting information regarding the decedent's estate after a fiduciary is appointed, which will not trigger the in terrorem clause. Public policy precludes in terrorem clauses from being used as a cudgel against beneficiaries who simply seek to hold fiduciaries accountable for their failure to exercise reasonable care, diligence, and prudence (see EPTL § 11-1.7; Matter of Aoki, 221 AD3d 479 [1st Dept 2023]; Matter of Demarino, 2024 NYLJ LEXIS 3516 [Sur Ct, Queens County 2024]). The respondent's inartful "objections" should not result in the extreme result of forfeiting the testator's bequest to respondent. Past courts have looked upon in terrorem clauses with disfavor and have been reluctant to find forfeiture by a beneficiary even under the most broadly worded clause.[FN1]

Conclusion
Accordingly, the respondent's objections are hereby deemed a nullity, nunc pro tunc, for lack of standing and the propounded instrument is admitted to probate. The Chief Clerk is directed to return the filing fee to the respondent. The petitioner's summary judgment motion to grant probate is denied as moot, and the petitioner's request to enforce the in terrorem clause of the propounded instrument is denied. Decree signed.
Dated: March 10, 2025
Brooklyn, NY
E N T E R
HON. BERNARD J. GRAHAM
SURROGATE

Footnotes

Footnote 1: See, e.g., In re Ku, infra.; Matter of Grupp, 609 NYS2d 555 (Sur Ct,. Erie County 1994) (to prevent forfeiture of objecting charitable beneficiaries' interests under will, court narrowly construed in terrorem clause as applying only to human, and not charitable, beneficiaries); In re Kassover, N.Y.L.J., February 11, 1991, p. 28, col. 2 (Sur Ct, Nassau County 1991) (beneficiary did not violate in terrorem clause "directly or indirectly" by commencing other litigation and arbitration proceedings against executor in his individual capacity although such proceedings challenged executor's authority to act as director of closely-held business which was the primary asset of decedent's estate).