Matter of Follman

2026 NY Slip Op 02266

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Lazar Follman, etc., deceased. Avraham Follman, respondent; Ahron Follman, appellant. (File No. 5529/21)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2022-09865

Hector D. Lasalle, P.J.

Francesca E. Connolly

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Balisok & Kaufman, PLLC (Joseph Y. Balisok and Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.

Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (David A. Bamdad of counsel), for respondent.

[*1]

DECISION & ORDER

In a probate proceeding, Ahron Follman appeals from a decree of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated September 23, 2022. The decree, upon an order of the same court, also dated September 23, 2022, admitted the last will and testament of the decedent to probate.

ORDERED that the decree is affirmed, with costs.

Ahron Follman (hereinafter Ahron) and the petitioner are brothers and the decedent was their father. In July 2018, the petitioner commenced this proceeding to probate the decedent's last will and testament dated March 24, 2017 (hereinafter the 2017 will).

In an order dated February 2, 2022, the Surrogate's Court, inter alia, directed that SCPA 1404 examinations were to be conducted on February 16, 2022, and were to continue, if necessary, on February 28, 2022, and that objections were to be filed within 10 days of the completion of the examinations. In a stipulation dated March 23, 2022, the parties agreed, among other things, that the SCPA 1404 examinations would be held on April 4, 2022, and April 5, 2022, and that objections would be filed 10 days after the completion of the examinations. In another stipulation, dated April 13, 2022, the parties agreed, inter alia, that the SCPA 1404 examinations would be held on May 3, 2022, and May 5, 2022, and that objections would be filed 10 days after the completion of the examinations.

On August 16, 2022, the petitioner filed a notice of settlement with a proposed decree to admit the 2017 will to probate. In two affirmations from his attorneys, Ahron, among other things, opposed admitting the 2017 will to probate and requested that the notice of settlement be stricken. Ahron argued, inter alia, that the SCPA 1404 examinations had not yet been conducted and the deadline to file objections to probate had not yet run.

In a decree dated September 23, 2022, upon an order of the same date, the Surrogate's Court admitted the 2017 will to probate. Ahron appeals.

SPCA 1404 provides, inter alia, that any party to the proceeding, before or after filing objections to the probate of the will, may examine any or all of the attesting witnesses or the person who prepared the will (see id. § 1404[4]; Matter of American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d 82, 95; Matter of LaMotta, 101 AD3d 1009, 1009). "As a general rule, the right of potential objectants, such as adversely affected distributees or legatees, to examine under SCPA 1404, is unconditional, without any preliminary showing of the need for the examination" (Matter of LaMotta, 101 AD3d at 1009 [internal quotation marks omitted]).

Here, Ahron was not deprived of his right to SCPA 1404 examinations (see Matter of Scianni, 87 AD3d 783, 784). The February 2, 2022 order directed the examinations to occur on February 16, 2022, and February 28, 2022, if necessary. Although the parties subsequently entered into stipulations to adjourn the examinations in order to allow for settlement discussions, those adjourned dates also passed without any examinations occurring. To the extent that Ahron contends that the petitioner impeded the examinations from occurring, the undetailed statement in the affirmation of one of Ahron's attorneys that the petitioner did not produce the drafter of the 2017 will or the attesting witnesses was insufficient. Under these circumstances, Ahron waived his right to SCPA 1404 examinations (see Matter of Scianni, 87 AD3d at 784; Matter of Fox, 14 Misc 3d 552, 553-554 [Sur Ct, Bronx County]).

Contrary to Ahron's contention, by the time the petitioner filed the notice of settlement on August 16, 2022, Ahron's time to file objections had expired (see Matter of Scianni, 87 AD3d at 784; Matter of Fox, 14 Misc 3d at 553-554). "If preobjection examinations made pursuant to SCPA 1404 occur, objections to probate 'must be filed within 10 days after the completion of such examinations, or within such other time as is fixed by stipulation of the parties or by the court'" (Matter of Scianni, 87 AD3d at 784, quoting SCPA 1410). Here, Ahron never conducted the requested examinations and the petitioner filed the notice of settlement months after the examinations were to be completed. Although the Surrogate's Court would have had the discretion to allow the filing of objections beyond the time limitation established in SCPA 1410 (see Matter of Pascale, 102 AD3d 796, 797; Matter of Kornicki, 101 AD3d 722, 724; Matter of Orlowski, 281 AD2d 422, 423), here, Ahron did not move for permission to file late objections to probate (see Matter of Esteves, 31 AD3d 1028, 1030). Contrary to Ahron's further contention, the two attorney affirmations that he submitted in opposition to the petitioner's notice of settlement did not themselves constitute objections to probate (see SCPA 302, 303; see also Matter of Kearney, 182 AD3d 705, 705). In any event, the two affirmations did not provide sufficient reason to warrant denying probate of the 2017 will (see Matter of Scianni, 87 AD3d at 784; Matter of Esteves, 31 AD3d at 1030; Matter of Fox, 14 Misc 3d at 554; see also Matter of Maxwell, 13 AD3d 630, 631).

Ahron's remaining contentions are either improperly raised for the first time on appeal or without merit.

Accordingly, the Surrogate's Court properly admitted the 2017 will to probate.

LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court